IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA
EX REL ROBERT C. BAKER,

Plaintiffs,

v.                                                             05 CV 279 WJ WDS

COMMUNITY HEALTH SYSTEMS, INC.,
ROSWELL HOSPITAL CORPORATION
d/b/a EASTERN NEW MEXICO MEDICAL
CENTER; DEMING HOSPITAL CORPORATION
d/b/a MIMBRES MEMORIAL HOSPITAL AND
NURSING HOME; and SAN MIGUEL HOSPITAL
CORPORATION d/b/a ALTA VISTA REGIONAL
HOSPITAL,

Defendants.

**ORDER RE PLAINTIFFS' MOTION TO COMPEL**

On February 8, 2011, the Court heard Plaintiffs' Motion to Compel Production of Documents and Further Responses to Interrogatories (Docket No. 134).  After considering the parties' briefs and arguments, IT IS ORDERED THAT:

1. **Production of Documents**

Defendants have agreed and are hereby ordered to search for and produce responsive documents maintained in hard copy or electronic form by:

   a. **Individuals Identified in Interrogatory Responses**

The individuals identified in Defendants' Supplemental Interrogatory Responses as having participated in discussions regarding each Hospital Defendant's decision to make donations to its respective county government(s); and

### b.     Custodians for the Former Triad Hospitals

Similarly situated individuals for each Former Triad Hospital (as defined in Plaintiffs' discovery requests).

## 2.     Additional Custodians

Defendants additionally are ordered to search for and produce the following:

### a.     Additional Individual Custodians Who Plaintiffs Contend Participated in Relevant Communications

Responsive documents maintained in hard copy or electronic form by Wayne Smith (CEO of Defendant CHSI and certain subsidiaries thereof); Rachel Seifert (CHSI's Executive Vice President, Secretary, and General Counsel); Andi Bosshart (CHS's Vice President of Corporate Compliance and Privacy); Jerry Scott (Defendant Alta Vista's former CEO); Lee Christensen (Defendant Mimbres's former CEO); Sam Minkowitz (Defendant Mimbres's former CFO); and Craig Plattner (a CHS Senior Director of Revenue Management who Plaintiffs contend was involved in several relevant discussions); and

### b.     Additional Custodians Whom Defendants Identified in Initial Disclosures as Possessing Information that May Be Used to Support Defendants' Defenses

Responsive documents maintained in hard copy or electronic form by Robert Baker, Bill Beachamp, Wayne Bishop, Phyllis Gurule, Suzanne Hebert, William Hussey, Ted Lomicka, Stephanie Moore, Dianna Ortiz, Tim Puthoff, Kenneth Randall, Nancy Richardson, Carol Schmoyer, and Barry Schneider, whom Defendants identified in their Initial Disclosures as "likely to have discoverable information that Defendants may use to support their defenses"; and

### c.     Administrative Files

Responsive documents kept in general administrative files maintained by any Defendant or Former

Triad Hospital (e.g., contract files, subject-matter files, and accounting records).

### 3. Certification and Ability to Seek Additional Documents

Defendants are ordered to certify that they are not aware of any specific relevant, responsive documents that are excluded from production as a result of the above limitations. Plaintiffs are permitted to request discovery of documents maintained by additional custodians upon a showing of good cause.

### 4. Subsidiary Documents

Defendants' production from the sources set forth above shall include all responsive non-privileged documents maintained by the above custodians that are within the possession, custody or control of any Defendant, to specifically include documents within the possession, custody, or control of any Former Triad Hospital (as defined in Plaintiffs' discovery requests), Community Health Systems Professional Services Corporation, CHS/Community Health Systems, Inc., and Community Health Investment Company, LLC.

### 5. Relevant Period

Defendants' objection to the production of documents dated after 2008 is overruled, and the relevant period for the production of documents shall be through and including the date of Plaintiffs' Requests for Production.

### 6. Defendants' Assertion of a "Self-Critical Analysis" Privilege

Defendants' objections on the grounds of any asserted "self-critical analysis privilege" or "self-audit privilege" are overruled, and Defendants shall not withhold any documents on the basis of any such objections.

### 7. Interrogatory Responses

Within ten days of entry of this Order, Defendants shall supplement their interrogatory

responses as follows:

### a. Information in Possession of Subsidiaries

Each answering Defendant shall provide all responsive information in the answering Defendant's possession, custody, or control, including information in the possession, custody, or control of any subsidiary of the answering Defendant;

### b. Interrogatory No. 3

Defendants shall supplement their responses to Interrogatory No. 3 to identify the Bates numbers of particular documents from which Plaintiffs can ascertain the answers to the Interrogatory.

### c. Interrogatory No. 5

Defendants shall supplement their responses to Interrogatory No. 5 to provide a complete response without invoking Federal Rule of Civil Procedure 33(d).

### d. Interrogatory No. 1

By March 10, 2011, Defendants shall provide a complete answer to Plaintiffs' Interrogatory No. 1.

### 8. Other Objections Overruled

Except as otherwise provided above, and with the exception of attorney-client privilege or work product objections properly supported by a privilege log to be provided by Defendants, each of Defendants' objections to Plaintiffs' Requests for Production and Interrogatories is overruled.

SO ORDERED this 6th day of May, 2011.

_____
W. Daniel Schneider
United States Magistrate Judge