IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel.<br>ROBERT C. BAKER,<br><br>  *Plaintiffs*,<br><br>v.<br><br>COMMUNITY HEALTH SYSTEMS, INC.,<br>et al.,<br><br>  *Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   NO. CIV 05-279 WJ/WDS<br>)<br>)<br>)<br>)<br>) |

**ORDER ON DEFENDANTS' CROSS MOTION TO COMPEL VIDEO DEPOSITION AND DEFENDANTS' MOTION TO COMPEL UNITED STATES TO PRODUCE DOCUMENTS AND ELECTRONICALLY STORED INFORMATION**

These matters having come before the Court on the motions and cross motions referenced below, the Court having considered the parties' written submissions and oral argument at the hearing conducted on February 8, 2011, and the Court being well advised in the premises,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED BY THE COURT THAT:

1.  Plaintiff United States' Motion for a Protective Order Regarding Defendants Notice of Video Deposition of United States Centers for Medicare and Medicaid Services (Dkt. 117, filed December 29, 2010), is **Granted in part and Denied in part,** and Defendants' Cross Motion to Compel Video Deposition (Dkt. 130, filed January 12, 2011) is **Granted in part and Denied in part.** Plaintiff United States is hereby ordered to proffer a witness or witnesses to testify to the topics set forth in the Notice of Video Deposition of the Centers for Medicare and Medicaid Services (Dkt. 117, Exh. 1), as follows:

a. CMS' administration of any Sole Community Provider ("SCP") program in any state, including New Mexico;

b. CMS' administration of any Sole Community Hospital Supplemental Payment ("SCHSP") in any state, including New Mexico;

c. CMS' administration of any Upper Payment Limit ("UPL") program[1] in any state, including New Mexico;

d. CMS' interpretations, formal or informal guidelines, instructions, internal memoranda, directives, disallowance notices issued or employed by CMS, or filings in administrative proceedings submitted by CMS relating to completion of the Form CMS 64, including Schedules 64.11 and 64.11A, in connection with any SCP, SCHSP or UPL program in any state, including New Mexico;

e. CMS' interpretations, formal or informal guidelines, instructions, internal memoranda, directives, disallowance notices issued or employed by CMS, or filings in administrative proceedings submitted by CMS relating to completion of the Form 37 (including Schedule 37.13), and/or Form 25 in connection with any SCP, SCHSP or UPL program in any state, including New Mexico;

---

[1] In accordance with the Court's Minute Order filed March 15, 2011 (Document No. 172) this case involves hospitals making "voluntary" contributions resulting in reimbursement under a program that New Mexico has entitled SCPF or SCHSP. The Defendants are entitled to discovery from CMS regarding similarly situated hospitals in other states, regardless of the titles of the programs in those other states. Defendants are entitled to discovery from CMS regarding UPL programs in other states to the extent that the UPL facilities are hospitals.

    f.    CMS' processes or protocol for review and/or auditing Forms CMS 64, 37 and 25 submitted by any state, including New Mexico, in connection with any SCP, SCHSP or UPL program in any state, including New Mexico;

    g.    CMS' processes or protocol for review and/or auditing of any SCP, SCHSP or UPL program in any state, including New Mexico, in connection with the submission of a state's Forms CMS 64, 37 and 25;

    h.    CMS' interpretations, formal or informal guidelines, instructions, internal memoranda, directives, disallowance notices issued or employed by CMS, or filings in administrative proceedings submitted by CMS relating to the following terms in connection with any hospital-related SCP, SCHSP, or UPL programs in any state, including New Mexico:

        i.    "provider-related donation" as used in 42 U.S.C. § 1396b(w) and/or 42 C.F.R. §§ 433.50 et seq.;

        ii.    "bona fide provider-related donation," as used in 42 U.S.C. § 1396b(w) and/or 42 C.F.R. §§ 433.50 et seq.;

        iii.    [PLAINTIFF PROPOSES EXCLUDING HEALTH CARE RELATED TAX]

        iv.    "hold harmless provision," as used in 42 U.S.C. § 1396b(w) and/or 42 C.F.R. §§ 433.50 et seq.

        v.    "derived from," as used in 42 U.S.C. § 1396b(w) and/or 42 C.F.R. §§ 433.50 et seq.;

        vi.    "public funds" for purposes of determining Medicaid funding, as used in 42 C.F.R. §§§ 433.51 et seq.;

    i.    CMS' communications and procedures regarding possible or actual denial, recoupment or deferral of matching federal funds to any state relating to any state's SCP, SCHSP or UPL program;

      j.    CMS' conduct of audits, reviews or approvals of state Medicaid plans and plan amendments relating to any state's SCP, SCHSP or UPL program, including any actual or proposed audits, reviews or approvals of New Mexico's State Plan or amendments;

      k.    CMS' use of auditors or investigators, whether internal or external, to evaluate the SCP, SCHSP or UPL programs of any state, including New Mexico;

      l.    CMS' communications with the state of New Mexico or its employees or agents regarding New Mexico's Medicaid plan or the administration of New Mexico's Medicaid program, including eligibility for funding under an SCP, SCHSP or UPL program; and

      m.    CMS' communications with Defendants or their employees or agents regarding Defendants' participation in any aspect of the New Mexico Medicaid program, including eligibility for funding under the SCP, SCHSP or UPL programs.

2.    A party deposing one or more witnesses designated by an opposing party pursuant to Fed. R. Civ. P. 30(b)(6) shall be charged a single deposition for each eight (8) hours of testimony, regardless of the number of witnesses deposed during that period.

3.    These depositions shall take place at the deponents' places of business in Dallas, Texas and Baltimore, Maryland.

4.    Defendants' Motion to Compel Plaintiff United States to Produce Documents and Electronically Stored Information in Response to Defendants' First Set of Requests for Production of Documents ("Document Requests") (Dkt. 122, filed January 10, 2011) is **Granted in part and**

**Denied in part.** Plaintiff United States is hereby ordered to produce all non-privileged documents[2] and electronically stored information within its possession, custody or control responsive to Defendants' First Set of Requests for Production of Documents as follows:

    a.    Plaintiff shall produce all documents and electronically stored information in its possession, custody, or control responsive to Document Requests 3, 4, 5, 7, 9, 11, 13, 15, 20, 22, 30, 41, and 42; and

    b.    Plaintiff shall produce all documents and electronically stored information in its possession, custody or control responsive to Document Requests 1, 2, 16 and 40 as they relate to any state's SCP, SCHSP, or UPL programs.

5.    Plaintiff United States is hereby ordered to certify that it is not aware of any specific relevant, responsive documents that are excluded from either production or identification in a privilege log.

SO ORDERED this 6th day of May, 2011.

_____
The Honorable W. Daniel Schneider
U.S. Magistrate Judge

---

[2] Where Plaintiff, or any other party, is claiming a privilege relating to an otherwise responsive document, the document must be identified in a privilege log that complies with the Federal Rules of Civil Procedure.