IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel.<br>ROBERT C. BAKER, | )<br>)<br>) |
| *Plaintiffs*, | )<br>) |
| v. | )<br>) |
| | )   NO. CIV 05-279 WJ/WDS |
| COMMUNITY HEALTH SYSTEMS, INC.,<br>et al., | )<br>)<br>) |
| *Defendants*. | )<br>)<br>) |

**ORDER ON DEFENDANTS' MOTION TO COMPEL RELATOR
ROBERT C. BAKER TO PRODUCE DOCUMENTS AND
ELECTRONICALLY STORED INFORMATION**

This matter is before the Court on Defendants' Motion to Compel Relator Baker to Produce Documents and Electronically Stored Information (Document No. 142), and the Court having considered the parties' written submissions and oral argument at the hearing conducted on February 8, 2011, and the Court being well advised in the premises,

IT IS HEREBY ORDERED THAT Defendants' Motion to Compel is GRANTED in part and DENIED in part. Relator's relevancy objections are not well taken. Relator has made no showing that the requests are unduly burdensome. Relator appears to have collected information regarding a number of CHSI-affiliated hospitals, resulting in his bringing claims, bringing and withdrawing claims, or not bringing claims against those various facilities. Examination of Relator on this topic could reasonably be expected to lead to the discovery of relevant evidence. Similarly, where Relator files an affidavit with the Court, as in this case, that references certain documents, those documents cannot be categorized as "irrelevant." Actual examination of the documents may

or may not lead to the discovery of relevant evidence, but the request to see the documents referenced in the affidavit cannot be said to be unreasonable, even if the claim involved was ultimately dismissed. Nor does the Court accept Relator's position that Defendants are only entitled to discovery on Relator's status as an "original source" if they can first identify a disqualifying public disclosure. Accordingly, Relator is ordered to produce or log the documents in his possession regarding CHSI's conduct with respect to the Arkansas Medicaid program, the South Carolina Medicaid program, the "charge inflation" claim, and the "public disclosure" issue.

The parties are directed to meet and confer and, if possible, agree on which responsive documents should be produced in response to Defendants' requests regarding Relator's communication with the *Sisneros* plaintiffs. Where no agreement can be reached, Relator is directed to produce to the Court for *in camera* review documents that are responsive to Defendants' request for Baker's communications with the *Sisneros* plaintiffs, noting specifically what privilege is being claimed.

Finally, Defendants ask the Court to rule that Relator's use of the email system maintained by his employer, LifePoint, waived any privilege otherwise associated with the emailed documents. The Court finds this argument not well taken. In the Court's opinion the fact that these emails are stored on a LifePoint server does not rise to a level of "disclosure" sufficient to justify complete waiver of attorney-client or work product privileges. There is no evidence before the Court that the emails have been disclosed to any unintended recipient, and the Court agrees with Plaintiff that allowing waiver of the attorney client privilege to rise and fall on whether a litigant sent an e-mail from his work computer using his employment email or his Yahoo or Google Mail account is playing "gotcha."

That being said, it does not appear to the Court that all of the emails sent were privileged. Based on the above ruling, the parties are directed to meet and confer and, if possible, agree on which emails should be produced. Letters to and from Baker to his attorney will be considered privileged. Emails from Baker to employees of a CHSI affiliate to request documents are clearly not privileged. If the parties cannot agree on certain emails, those documents should be submitted to the Court for *in camera* review.

SO ORDERED this 10th day of May, 2011.

_____
W. Daniel Schneider
United States Magistrate Judge