# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **UNITED STATES OF AMERICA, ex rel. ROBERT C. BAKER,** | ) ) ) |
| *Plaintiffs*, | ) ) ) |
| v. | )   NO. CIV 05-279 WJ/WDS |
| **COMMUNITY HEALTH SYSTEMS, INC., et al.,** | ) ) ) ) |
| *Defendants*. | ) ) |

## ORDER ON PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

**THIS MATTER** comes before the Court on Plaintiff United States' Motion for a Protective Order Regarding Defendants' Second Notice of Video Deposition of Centers for Medicare and Medicaid Services, filed March 31, 2011 [Doc. 186] and Defendants' Cross Motion to Compel Video Deposition, filed April 14, 2011 [Doc. 198]. The Court having considered the parties' written submissions, and otherwise being fully informed, denies Plaintiff's Motion for a Protective Order and grants Defendants' Cross Motion to Compel.

**I. Background.**

On March 21, 2011 Defendants sent their Second Notice of Video Deposition of Centers for Medicare and Medicaid Services ("CMS") pursuant to Federal Rules of Civil Procedure 30(b)(6) to Plaintiff United States. [Doc. 186 Ex.1]. United States objected to the deposition stating the deposition topics sought Plaintiff's contentions, were more appropriately discoverable through interrogatories, would require the deposition of counsel for United States, and were duplicative and overly burdensome. [Doc. 186]. Defendants responded with a Cross Motion to Compel Video

Deposition. [Doc 198].

**II. Discussion.**

Rule 30(b)(6) allows corporations to select a designee to represent it during a deposition. *See* Fed. Rule Civ. Pro. 30(b)(6). "The law is well-settled that corporations have an affirmative duty to make available as many persons as necessary to give complete, knowledgeable, and binding answers on the corporation's behalf." *Brunet v. Quizno's Franchise Co.*, 2008 WL 5378140 (D. Colo. 2008)(unpublished opinion)(internal quotation marks & citation omitted). The persons designated to testify in response to a Rule 30(b)(6) deposition must testify about "information known or *reasonably available* to the organization." Rule 30(b)(6) (Emphasis supplied). In this False Claims Act lawsuit, Defendants have identified approximately 13 topics for the disputed Rule 30(b)(6) deposition. They include, for example, a request for a representative of Plaintiff to identify each item on the submitted Form 64s which was false, what information was omitted from the forms which should have been provided, what misrepresentations were made by Defendants, and how and when CMS first became aware that hospitals in New Mexico were making donations to counties as alleged in the Complaint.

Plaintiff seeks a protective order on the basis that these areas of inquiry can only be answered by counsel for Plaintiff, and that counsel should not be compelled to testify at a Rule 30(b)(6) deposition. Plaintiff takes the position that in lieu of a Rule 30(b)(6) deposition, Defendants should submit the above referenced topics as contention interrogatories. Presumably, Plaintiff's counsel would answer the interrogatories and sign them, with the requested protective order shielding counsel from follow-up depositions on the interrogatory answers. Defendants contend that they are

entitled to ask questions on the identified topics at a deposition, and are entitled to cross examine the deponent, or deponents, regarding their answers.

Plaintiff's motion is not well taken. Although it is not possible for the Court to preemptively rule on every possible area of inquiry regarding the list of topics provided by Defendants, in the opinion of the Court many of those topics involve straightforward factual inquiries.

The Court finds Defendants' reference to *United States ex rel, Fry v, Health Alliance of Greater Cincinnati*, No. 1:03-CV-00617, 2010 WL 54754, persuasive. In *Fry*, Defendants sought to compel the Rule 30(b)(6) deposition testimony of a United States representative regarding the facts and contentions regarding Plaintiff United States' claim that Defendants filed false claims. *Id.,* at *2. Plaintiffs claimed that such information was protected, because it essentially amounted to a request to depose Plaintiffs' counsel regarding its interpretation and application of law. *Id.* The Magistrate Judge found that Plaintiff's arguments were without merit and ruled Defendants were entitled to depose a representative regarding the factual basis for the claims against them. *Id.*, at *3. The Magistrate Judge further ruled that a Rule 30(b)(6) deposition was the appropriate method for obtaining these facts. *Id.* On appeal, the District Judge agreed stating, "[t]he government, like any other party, must comply with the rules of discovery, and like any other party, cannot dictate to its adversary which discovery tools should be used." *Id.*

Since this litigation appears to have initiated by Robert Baker's communication with the Department of Justice, it may be possible that few, if any, employees of CMS have knowledge of the allegations that have been made against Defendants, as they would if they had identified the alleged false claims themselves and reported them to DOJ. However, in the Court's opinion the

factual information requested by Defendants is "reasonably available" to representatives of CMS, in accordance with Rule 30(b)(6).  Additionally, if Plaintiff intends to either make or oppose substantive motions in this case, or offer testimony at trial, it would appear to the Court that witnesses would be necessary to present the factual basis for Plaintiff's claim that Defendants violated the False Claims Act.  *See*, *Travelers Indem. Co. v. Hans Lignl Anlagenbau Und Verfahren*, 189 F. Appx 782 (10th Cir.2006)(Where party's 30(b)(6) witness denied knowledge and refused to reveal information, party could not later claim knowledge in any summary-judgment proceedings.)

**III. Conclusion.**

Here, Plaintiffs' contention that Second Notice to Take Deposition is essentially a request for a deposition of counsel regarding legal opinions is without merit.  Defendants are entitled to know the facts that form the basis of the claims against them, and explore those facts through cross examination.  Defendants are not required to rely on Plaintiffs pleadings to discover the facts underlying the claims against them.  A Rule 30(b)(6) deposition is an appropriate method for discovering these facts.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Motion for a Protective Order [Doc. 186] is denied; and
2. Defendant's Cross Motion to Compel [Doc. 198] is granted.

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**