IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel.<br>ROBERT C. BAKER,<br><br>　　　　　*Plaintiffs*,<br><br>　　v.<br><br>COMMUNITY HEALTH SYSTEMS, INC.,<br>et al.,<br><br>　　　　　*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)   NO. CIV 05-279 WJ/WDS<br>)<br>)<br>)<br>)<br>) |

### ORDER GRANTING DEFENDANTS' MOTION
### TO COMPEL PLAINTIFF UNITED STATES TO RESPOND
### TO DEFENDANTS' FIRST SET OF INTERROGATORIES

　　　　This matter is before the Court on Defendants' Motion to Compel Plaintiff United States to Respond to Defendants' First Set of Interrogatories. (Document No. 181) The Court, having considered the parties' written submissions and being well advised in the premises, finds that the motion is partially well taken and should be GRANTED in part and DENIED in part.

　　　　At issue in this motion is a set of 23 contention interrogatories served on Plaintiff by Defendants. Broadly speaking, the interrogatories address the various elements of proof for violation of the False Claims Act ("FCA"), and seek the facts supporting Plaintiff's allegations that Defendants violated the FCA. In the Court's opinion the interrogatories are not overbroad and do

not seek information that is irrelevant or not calculated to lead to the discovery of admissible evidence. Plaintiff's objections to Interrogatories 14, 15, 16, and 19 are not well taken.

Defendants' motion to compel the certification of Plaintiff's answers to Interrogatories 1-21 is well taken. Fed. R. Civ.Proc. 33(a)(2) specifically provides for the use of interrogatories that ask for opinions or contentions that relate to the facts of the case or the application of law to the facts of the case. Defendants are entitled to certification of the answers given by Plaintiff. The Defendants have the right to explore the answers to the contention interrogatories through a follow up deposition of the official or officials who certify the answers. It does not matter whether a party representative or an attorney signs the certifications, as long as it is someone with knowledge who is available for a deposition.

Finally, Defendants allege that Plaintiff failed to adequately respond to Interrogatories 1, 7, 9, 10, 14, 15, 16, 18 and 19. Defendants argue that the Plaintiff's answers are too voluminous, and go beyond the scope of the question. For example, Interrogatory 1 asks Plaintiff to identify any certifications by Defendants that Plaintiff contends were false under the False Claims Act. Plaintiff's response states that it does not contend that any certifications by Defendants were false under the False Claims Act, but rather contends that Defendants are legally responsible for the fact that certifications that should have been submitted to HHS were not, in fact, submitted. The Court finds nothing objectionable in the manner in which Plaintiff answered these interrogatories, and to the extent that any clarifications are necessary, they can be addressed during the depositions related to the contention interrogatories.

IT IS THEREFORE ORDERED that Defendants' Motion to Compel is GRANTED in part and DENIED in part. Defendants' motion to overrule the Plaintiff's general objections to Interrogatories 14, 15, 16, and 19 is granted; Defendants' motion to compel a certification to the

answers to Interrogatories 1-21 is granted; and Defendants' motion to compel full and complete responses to Interrogatories 1, 7, 9, 10, 14, 16, 18 and 19 is denied.

SO ORDERED this 17th day of August, 2011.

_____
W. Daniel Schneider
United States Magistrate Judge