**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA
EX REL ROBERT C. BAKER,

Plaintiffs,

v.                                                    05 CV 279 WJ WDS

COMMUNITY HEALTH SYSTEMS, INC.,
ROSWELL HOSPITAL CORPORATION
d/b/a EASTERN NEW MEXICO MEDICAL
CENTER; DEMING HOSPITAL CORPORATION
d/b/a MIMBRES MEMORIAL HOSPITAL AND
NURSING HOME; and SAN MIGUEL HOSPITAL
CORPORATION d/b/a ALTA VISTA REGIONAL
HOSPITAL,

Defendants.

**ORDER GRANTING IN PART RELATOR'S MOTION FOR A
PROTECTIVE ORDER RE: SUBPOENA TO LIFEPOINT HOSPITAL**

This matter is before the Court at the request of the parties to address an unresolved matter

regarding Relator's Motion for a Protective Order re: Subpoena to LifePoint Hospital.  (Document

111) The unresolved matter is Defendants' demand for a copy of Relator's entire personnel file for

his employment by LifePoint .  Relator has agreed to produce his application for employment and

any related documents, but seeks a protective order for the remainder of the file, arguing that it

contains sensitive, personal information that is neither relevant nor calculated to lead the discovery

of relevant information.  Defendants have not identified any particular document or information

which they believe to be in the file, but allege that the file "may" contain such information.

In the Court's opinion Relator's request for a protective order on this issue is well taken.  The

Court notes that this is a *qui tam* action, in which the conduct in question is that of the Defendants,

not Relator.  Relator reported the alleged violation of the False Claims Act, the Court is not aware

of any allegation that he participated in those acts.  This is not a wrongful discharge claim, where there could be significant factual and credibility disputes to be resolved between the former employee and employer.  While the issue of Relator's credibility has been raised, it is not clear to the Court how Relator's credibility or lack thereof would effect the ultimate decision of whether Defendants' actions violated the False Claims Act.  Accordingly, in the Court's opinion a more limited scope of discovery is appropriate when dealing, as here, with sensitive personal information relating to employment years after the events underlying the *qui tam* action.  Relator's motion for a protective order regarding his LifePoint personnel file (other than application for employment and related documents) is GRANTED.

      IT IS SO ORDERED

_____
W. Daniel Schneider
United States Magistrate Judge