IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel.<br>ROBERT C. BAKER, | )<br>)<br>) | |
| *Plaintiffs*, | )<br>) | |
| v. | )<br>) | NO. CIV 05-279 WJ/WDS |
| COMMUNITY HEALTH SYSTEMS, INC.,<br>et al., | )<br>)<br>) | |
| *Defendants*. | )<br>) | |

**ORDER DENYING DEFENDANTS' MOTION
FOR A PROTECTIVE ORDER REGARDING DOCUMENTS SUBJECT
TO MARCH 18, 2011 CONFIDENTIALITY ORDER**

This matter is before the Court on Defendants' Motion for a Protective Order Regarding Documents Subject to March 18, 2011 Confidentiality Order. (Document No. 238) The Court, having considered the parties' written submissions and being well advised in the premises, finds that the motion is not well taken and should be DENIED.

First, the Court reiterates that the purpose of the March 18, 2011 Confidentiality Order was to protect actual confidential information. Defendants appear to be arguing that if one hospital administrator sends an email to another administrator, with both a confidential financial statement and the day's lunch menu attached, then the email cover sheet, lunch menu and financial statement should all be marked "confidential" because the email with attachments is one "document." The Court disagrees. The only confidential document in the example above is the financial statement that contains actual confidential information. Lunch menus are not confidential, regardless of what they are attached to. The December 3, 2010 letter from Julie Weinberg to Leonard Tapia regarding

new certification language from CMS (DEFS-009-025141/Doc 248-4) is not confidential. The Court does not anticipate that financial information that is a matter of public record would be considered confidential. On the other hand, if a three page letter contains confidential information only on the second page, it is sufficient to declare the letter confidential, versus marking only the second page confidential.

The Court is hopeful that, having considered the above guidance, the parties can meet and confer and resolve the matter without further participation of the Court. If that is not possible, the parties are advised that the Court will not be doing an *in camera* review of thousands of documents. Plaintiff should file a motion with a representative sample of the remaining disputed documents and the Court will consider the matter.

SO ORDERED this 30th day of September, 2011.

_____
W. Daniel Schneider
United States Magistrate Judge