**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA, ex rel.
ROBERT C. BAKER,

      Plaintiffs,

      v.                                                          NO. CIV 05-279 WJ/WDS

COMMUNITY HEALTH SYSTEMS, INC.,
et al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' EMERGENCY MOTION FOR STAY AND TO COMPEL ARBITRATION;
DENYING MCKOOL SMITH LAW FIRM'S MOTION FOR DETERMINATION OF COMPLIANCE WITH PROFESSIONAL RESPONSIBILITY OBLIGATION,
AND
GRANTING ORAL MOTION TO DISQUALIFY THE MCKOOL SMITH LAW FIRM**

THIS MATTER comes before the Court upon a Motion for Determination of Compliance with Professional Responsibility Obligations **(Doc. 345)**, filed by McKool Smith, P.C. on November 14, 2011, and a Motion to Stay Proceedings on Law Firm McKool Smith, P.C's Emergency Motion for Determination of Compliance with Professional Responsibility Obligations and to Compel Mediation and Arbitration **(Doc. 353)**, filed by Community Health Systems, Inc. ("CHSI"), CHS/Community Health Systems, Inc ("CHS/CHSI"), and Community Health Systems Professional Services Corp. ("CHSCSP") on November 21, 2011 (collectively, "CHSI entities" or "Defendants" for purposes of this Order).  The Court heard oral argument on these motions on December 7, 2011, and having considered the parties' briefs and the applicable law, I find that Defendant's Motion to Stay and Compel Arbitration shall be DENIED, and that

the motion filed by McKool Smith shall be DENIED as well. However, the oral Motion for Disqualification of McKool Smith, P.C., raised by Defendants at the hearing after the Court orally denied the petition to compel arbitration, shall be GRANTED.

## Background

This is a qui tam case.[1] Plaintiffs allege that Defendants violated the False Claims Act by manipulating the Medicaid funding program by a scheme which resulted in the illegal receipt of federally funded Medicaid payments. The two motions addressed here concern whether the law firm of McKool Smith, P.C. ("McKool Smith") should be prohibited from representing Plaintiff/Relator Robert C. Baker ("Baker") in this matter because of a conflict stemming from McKool Smith's previous representation of the CHSI entities. The conflict issue arises because one of the firms representing Relator Baker in this action, Hennigan Dorman, L.L.P. ("Hennigan Dorman"), recently combined its practice with McKool Smith. McKool Smith previously represented the CHSI entities in a commercial case in Texas through its Dallas office.

Hennigan Dorman was retained as counsel in the Baker Matter in March 2011. The Baker Matter has been staffed exclusively out of the Hennigan Dorman's Los Angeles Office. In anticipation of the merger between McKool Smith and Hennigan Dorman, a conflicts check form was distributed to all attorneys involved in the merger in late August 2011. No one noticed any conflict at that time relating to McKool Smith's previous representation of the CHSI entities ("Texas Matter") and Hennigan Dorman's representation of Baker in the instant case ("Baker

---

[1] A "qui tam action" is an action brought under a statute that allows a private person to sue for a penalty, part of which the government or some specified public institution will receive if the litigation is successful.

Matter").[2] The merger was completed by September 12, 2011.

The conflicts issue was first noticed in late October 2011 by Tom Graves, a principal at McKool Smith's Dallas office upon receiving an e-mail from Ben Fordham of Defendant CHSI when CHSI was served with a Rule 30(b)(6) records subpoena by McKool Smith. The matter was forwarded to counsel at McKool Smith, which promptly ceased participation in the case and investigated the matter. CHSI informed McKool Smith that it objected to McKool Smith's continued involvement in the Baker Matter. Further, CHSI claimed that if the firm would not withdraw, then under the terms of the September 2007 Engagement Letter, arbitration was required to resolve the matter. Ex. B. An ethical wall was in place at McKool Smith by October 27, 2011. [3]

## Discussion

I.  **Defendant's Motion to Stay Proceedings and Compel Arbitration (Doc. 353)**

The Court denied Defendant's Motion to Stay Proceedings and Compel Arbitration at the hearing. The Court notes the broad language of the engagement letter (on which Defendant bases its argument that arbitration is warranted), and some case law which supports sending the matter to arbitration. However, this is not enough to convince the Court that arbitration is proper.

The disqualification of an attorney for an alleged conflict of interest, is a substantive matter for the courts and not arbitrators. *Munich Reinsurance America, Inc. v. ACE Prop. &*

---

[2] There is some indication, based on statements by McKool Smith's counsel at the hearing, that a potential conflict *was* noted, but that it was unilaterally determined that the conflict did not preclude representation of Plaintiff in this case.

[3] A description of the measures instituted by McKool Smith to screen lawyers who had worked on the Texas Matter can be found in Doc. 346 (Affidavit and Ex. 1 attachment).

*Cas. Ins. Co.*, 500 F.Supp. 2d 272, 275 -276 (S.D.N.Y.,2007) (citing other decisions in New York and Pennsylvania courts); *Morgan Stanley DW, Inc. v. Kelley & Warren, P.A.*, 2002 WL 34382748, 1 (S.D.Fla. 2002) (noting that the disqualification of counsel was governed by the Florida Rules of Professional Conduct governing former representation of a client). This case is no exception to that general rule. Motions to disqualify are governed by the ethical rules announced by the national profession and considered "in light of the public interest and the litigants' rights. . . ." *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1383 (10th Cir. 1994). Because such motions raised in federal proceedings are substantive motions affecting the rights of the parties, they are decided by applying standards developed under federal law. *In re American Airlines, Inc.*, 972 F.2d 605, 610 (5th Cir.1992), *cert. denied sub nom. Northwest Airlines, Inc. v. American Airlines*, 507 U.S. 912 (1993). Thus, the disqualification issue should be decided by an Article III judge sitting in the District of New Mexico, considering the Rules of Professional Conduct—and not a private arbitrator. Accordingly, the motion is DENIED.

**II.    McKool Smith's Motion for Determination of Compliance with Professional Responsibility Obligations (Doc. 345)**

At the hearing, the Court agreed with the CHSI entities that McKool Smith's motion for a determination regarding whether the firm should be disqualified essentially sought an advisory opinion from the Court. *See Sierra Club v. Yeutter*, 911 F.2d 1405, 1420 (10th Cir. 1990) ("The federal courts do not render advisory opinions.").

The Court then noted that the motions before the Court posed an interesting procedural dilemma. With the denial of CHSI entities' motion to compel arbitration, there did not appear to be any need for the Court to determine the disqualification issue based on a pending motion seeking what the Court views to be an advisory opinion. The Court has the authority to consider

potential conflicts which may require attorney disqualification sua sponte. *See Preston v. Atlas Casting & Technology*, 2008 WL 5000459, 1 (W.D.Wash.,2008) (Once the Court is on notice of a potential conflict of interest, it may disqualify an attorney sua sponte.); *Yates v. Applied Performance Tech., Inc*., 209 F.R.D. 143, 150 (S.D.Ohio 2002) (federal courts have the "power to disqualify an attorney from a case. . . ."). However, counsel for the CHSI entities made an oral motion at the hearing to disqualify McKool Smith from its representation of Plaintiff in this case,[4] and the Court addresses that motion in this Opinion and Order.

A.      Pertinent Rules of Professional Conduct

The District Court of New Mexico has adopted the New Mexico Rules of Professional Conduct. *See* D.N.M.LR-Civ. 83.9. New Mexico Rule of Professional Conduct 16-109 sets out the conditions which require disqualification of counsel based on counsel's duties to former clients:

> A. Subsequent Representation. A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.
>
> B. Subsequent Representation; Former Law Firm. A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client:
>
>> (1) whose interests are materially adverse to that person; and
>> (2) about whom the lawyer had acquired information protected by Rule

---

[4] The Court recognized that Defendant's decision not to file a motion was based on a concern that filing such a motion could be considered a waiver of its position that the disqualification issue should be submitted to arbitration. With the Court's denial of the motion to compel arbitration, the specter or waiver was no longer an issue, and Defendant made the oral motion to disqualify. With Defendants' oral motion to disqualify McKool Smith, there is now a sufficient "case or controversy" at issue for the Court to decide.

>  16-106 and Paragraph C of Rule 16-109 of the Rules of Professional Conduct that is material to the matter, unless the former client gives informed consent, confirmed in writing.
>
> C. Former Representation. A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
>
>> (1) use information relating to the representation to the disadvantage of the former client except as these rules would permit or require with respect to a client, or when the information has become generally known; or
>> (2) reveal information relating to the representation except as these rules would permit or require with respect to a client.

The New Mexico Rules were patterned after the ABA Model Rules of Professional Conduct, which is considered to reflect the "national standard" used in ruling on disqualification motions. *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1383 -1384 (10th Cir. 1994) (finding case law applying ABA Model Rule 1.9 "instructive" when considering Rule 16-109). Under Rule 1.9 a party seeking to disqualify opposing counsel on the grounds of a former representation must show that:

> (1) an actual attorney-client relationship existed between the moving party and the opposing counsel;
> (2) the present litigation involves a matter that is "substantially related" to the subject of the movant's prior representation; and
> (3) the interests of the opposing counsel's present client are materially adverse to the movant.

*Cole*, at 1383-84, (citing case law referencing ABA Model Rule 1.9(a) & (c)).

N.M. Rule of Prof. Conduct 16-109 mandates disqualification unless certain exceptions listed in Rule 16-110 apply. Rule 16-110 provides the following guidance concerning situations where conflicts of interest are imputed to other attorneys or law firms:

> A. Firm Association. While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rule 16-107 or 16-109 of the Rules of Professional Conduct, unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.
>
> B. Terminated Associations. When a lawyer has terminated an association with a

>firm, the firm is not prohibited from thereafter representing a person with interests materially adverse to those of a client represented by the formerly associated lawyer and not currently represented by the firm unless:
>
>>(1) the matter is the same or substantially related to that in which the formerly associated lawyer represented the client; and
>>
>>(2) any lawyer remaining in the firm has information protected by Rule 16-106 and Paragraph C of Rule 16-109 of the Rules of Professional Conduct that is material to the matter.
>
>C. Subsequent Firm Associations; Screening. When a lawyer becomes associated with a firm, the firm may not knowingly represent a person in a matter in which that lawyer is disqualified under Paragraph A or B of Rule 16-109 of the Rules of Professional Conduct unless:
>
>>(1) the newly associated lawyer has no information protected by Rule 16-106 or 16-109 of the Rules of Professional Conduct that is material to the matter; or
>>
>>(2) the newly associated lawyer did not have a substantial role in the matter, is timely screened from any participation in the matter and is apportioned no part of the fee therefrom, and written notice is promptly given to any affected former client to enable it to ascertain compliance with the provisions of this rule.

B.   <u>Whether Rule 16-109 Applies</u>

McKool Smith focuses on the argument that the exceptions in Rule 16-110 allow the firm to continue representing Plaintiff in the Baker case, notwithstanding its previous representation of the CHSI entities in the Texas Matter.  Defendant has presented adequate and reasonable argument to convince the Court that Rule 16-109 mandates disqualification—unless any of the exceptions in Rule 16-110 applies.  It is undisputed that an attorney-client relationship existed between McKool Smith and the CHSI entities.  It is also clear, after considering all the evidence and argument presented to the Court, that the two matters are substantially related.  I agree with Defendant's counsel in that the inquiry is not a simplistic comparison of the nature of the two cases, that is, a qui tam case versus a case involving a partnership contract.  Rather, the inquiry

should consider the underpinnings of the claims.

In determining whether matters are substantially related under the rule, a court should consider whether it is reasonable to presume that the lawyer "would have received confidential information of type alleged by his former client" and whether "alleged confidential information is relevant to issues raised in litigation pending against former client." *Leon, Ltd v. Carver*, 104 N.M. 29 (1986).

In the Texas Matter, the position argued by McKool Smith as counsel for the CHSI entities, was that CHSI dominated and controlled the actions of the other Defendant entities which were subsidiaries. In the Baker Matter, however, McKool Smith is suing not just the New Mexico hospitals themselves, but the CHSI entities, and seeks to hold the parent corporations liable for the actions of its subsidiaries. This position requires McKool Smith to do an about-face and argue a lack of corporate separateness and the existence of dominion and control over the hospitals by Defendant. As a result, both matters are substantially related because the information gleaned by McKool Smith in its representation of Defendant in the Texas Matter, if injected into the Baker Matter, would be deleterious to the CHSI entities. The dominion and control issues could easily be connected to the reporting for Medicaid funding purposes in an attempt by Plaintiffs to direct liability upstream to the CHSI entities. Thus, I agree with counsel for Defendants in that the same issues have been raised in the Texas Matter as will be raised in the instant case, regardless of whether the claims themselves are different. As a result, the matters are "substantially related" under Rule 16-109, requiring disqualification of the McKool Smith firm unless any of the exceptions in Rule 16-110 apply.

C.    Whether Rule 16-110 Applies to Allow Representation to Continue

McKool Smith takes the position that, regardless of whether one considers McKool

Smith or Hennigan Dorman to be the "newly associated" lawyer or law firm, the exceptions in Rule 16-110 have been met and thus the firm need not be disqualified. The firm argues that, assuming Hennigan Dorman is the newly acquired firm, that firm did not bring any information concerning the CHSI entities other than what they learned through the ordinary channels of discovery, as Defendants' adversary. Thus, disqualification is unnecessary because one of the exceptions in Rule 16-110(C) have been met. Similarly, assuming that McKool Smith is the newly acquired lawyer, that firm took immediate steps to wall off any of the attorneys who had worked on the Texas Matter. Again, McKool Smith argues that a Rule 16-110(C) exception applies and disqualification is not required.

The analysis offered by McKool Smith is flawed. First, there is no factual basis for considering McKool Smith to be the newly acquired lawyer, when the name of the firm is now McKool Smith, and Hennigan Dorman attorneys are now referred to as "former" Hennigan Dorman attorneys. It is apparent that a merger or acquisition has taken place, with Hennigan Dorman being subsumed by McKool Smith and McKool Smith absorbing the Hennigan Dorman lawyers, regardless of whether the firms have retained separate physical locations.

The biggest problem with McKool Smith's position is that it glosses over the very first sentence in Rule 16-110(C). When that language is considered, it becomes evident that Rule 16-110(C) cannot be read to fit this situation. Counsel for the CHSI entities is correct in contending that it does not matter if or when an ethical wall was erected, because a wall cannot be built in this situation to resolve the conflict. Rule 16-110 applies if an "infected"[5] lawyer came into a firm and was walled off in order to prevent the whole firm from having to be disqualified. In the

---

[5] The Court finds the term, used by counsel for the CHSI entities, to be appropriate for the explanation here.

instant case, however, the new lawyers (the Hennigan Dorman lawyers representing Plaintiff Baker) are not infected because the issue of previous representation do not lie with them, but with the larger firm they have joined. Walling off these attorneys will not resolve the conflict because the taint of disqualification is attached to McKool Smith itself.

The kinds of situations envisioned by Rule 16-110 do not apply here. The rule would apply in a situation where a Hennigan Dorman lawyer joined the McKool Smith firm, in which case McKool Smith can not represent clients in matters in which the Hennigan Dorman lawyer was disqualified under Rule 16-109. For example, if the Hennigan Dorman lawyer previously sued Relator Baker in another case and then came to work for McKool Smith, the firm could not represent Baker without relying on an exception in Rule 16-110(C), such as an ethical wall around the new lawyer. Another example would be a situation where the McKool Smith lawyers were "newly acquired" by Hennigan Dorman, in which case Hennigan Dorman could continue to sue the CHIS entities with timely notice and an ethical wall around the McKool Smith lawyers who previously represented the CHIS entities.

Instead, McKool Smith proposes to rely on Rule 16-110 to be able to sue a client it previously represented, on a matter that is substantially related to the Texas Matter. This situation does not fit within either the rule's language or its purpose in defining generally accepted conduct for the "purposes of legal representation and of the law itself." N.M. Rule of Prof. Conduct ("Scope"). Rule 16-110 cannot be read to allow an entire law firm to sue a client it represented in the past on the same issues. Because the rule itself does not apply, neither do any of the rule's exceptions. Thus, the institution of an ethical wall would be pointless. In short, the analysis of the disqualification issue stops with Rule 16-109, in requiring that McKool Smith be disqualified.

**Conclusion**

In sum, I find and conclude that Defendants' Motion to Stay Proceedings on Law Firm McKool Smith, P.C's Emergency Motion for Determination of Compliance with Professional Responsibility Obligations and to Compel Mediation and Arbitration **(Doc. 353)**, is DENIED. Matters of attorney disqualification should be, and have been, addressed by the Court as opposed to a private arbitrator, despite the broad language in the engagement letter between the parties.

I also find and conclude that McKool Smith's Emergency Motion for Determination of Compliance with Professional Responsibility Obligations and to Compel Mediation and Arbitration **(Doc. 353)**, is also DENIED because it seeks what amounts to an advisory opinion from the Court.

However, because the Court may address matters of attorney disqualification sua sponte, and because the CHSI entities raised an oral motion to disqualify the McKool Smith law firm at the hearing, the Court has addressed the disqualification matter, and now finds and concludes that the N.M. Rule of Prof. Conduct 16-109 mandates that the law firm of McKool Smith be disqualified in this case from further representation of Baker against the CHSI entities which moved for disqualification. Finally, the Court finds and concludes that Rule 16-110 does not apply in offering exceptions to disqualification.

**THEREFORE,**

**IT IS ORDERED** that the Motion to Stay Proceedings on Law Firm McKool Smith, P.C's Emergency Motion for Determination of Compliance with Professional Responsibility Obligations and to Compel Mediation and Arbitration **(Doc. 353)**, is hereby DENIED;

**IT IS FURTHER ORDERED** that the Motion for Determination of Compliance with Professional Responsibility Obligations **(Doc. 345)**, filed by McKool Smith, P.C. is hereby

DENIED;

**IT IS FINALLY ORDERED** that the oral motion to disqualify the McKool Smith law firm made by Defendant CHSI entities at the hearing is hereby GRANTED and the McKool Smith firm is precluded from further representation of Plaintiff in this case.

_____
UNITED STATES DISTRICT JUDGE