# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA, ex. rel.
ROBERT C. BAKER

      Plaintiff,

vs.                                                                        Civil No. 05-279 WJ/ACT

COMMUNITY HEALTH SYSTEMS, INC.,
EASTERN NEW MEXICO MEDICAL CENTER,
MIMBRES MEMORIAL HOSPITAL,
NORTHEASTERN REGIONAL HOSPITAL, and
HELENA REGIONAL MEDICAL CENTER,

      Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART UNOPPOSED MOTION TO SUPPLEMENT RECORD

THIS MATTER comes before the Court upon Plaintiffs' Unopposed Motion to Supplement the Record Re: Motions for Summary Judgment (Docs. 448, 449, 452, 453, 461, 462, 467, 468, 476, 477, 481) and Statements of Fact in Support Thereof or in Opposition Thereto (Docs. 450, 454, 469, 478, 482, filed June 8, 2012 **(Doc. 502)**. Defendants do not oppose the request to supplement the record with certain exhibits, but they contend that Plaintiffs' supportive brief mischaracterizes the exhibits as having been withheld from Plaintiffs in bad faith. Having considered the parties' briefs and the applicable law, I find that Plaintiffs' motion is well-taken in part and granted to extent that parties may supplement the record with these two exhibits. Plaintiffs' motion is not well-taken with regard to their characterization of these exhibits as having been withheld previously by Defendants in bad faith.

**BACKGROUND**

The two exhibits in question are Plaintiffs' Exhibit 584 and Plaintiffs' Exhibit 585 ("Exhibits 584 and 585" for purposes of this Order).  Exhibit 584 is a May 16, 2006 memorandum from Nathan Summar (a CHSPSC employee)[1] to Larry Carlton (then CHSI's, CHS/CHSI's, and CHSPSC's Vice President -Revenue Management), with a carbon copy to Lisa Parrish (another CHSPSC employee).  Exhibit 535, also dated May 16, 2006, is memorandum from Carlton and Summar to Larry Cash (then Executive Vice President and Chief Financial Officer of all defendants), and also copied to Ms. Parrish.  Both memos describe the Sole Community Provider Fund ("SCPF") and the Sole Community Hospital Supplemental Payment ("SCHSP") program (collectively, "the SCP program").   Plaintiffs wish to use these documents to demonstrate Defendants' understanding of the relationship between their donations and Defendant Hospitals' receipt of SCP program funding.  They also contend that the documents are relevant to the required knowledge and materiality elements for a claim asserted under the False Claims Act.

The specific documents represented as Exhibits 584 and 585 were not disclosed to Plaintiffs previously in their present form on the grounds of attorney-client privilege and work product.  *See* Defts' Ex. E (privilege log).  In a recent Memorandum Opinion and Order, United States Magistrate Judge Alan C. Torgerson  ruled that the documents were not protected by either privilege.  *See* Doc. 485 at 9.

---

[1]  "CHSPSC" is an acronym for "Community Health Systems Professional Services Corporation."  "CHSI" stands for Community Health Systems, Inc., and CHS/CHSI stands for "CHS/Community Health Systems, Inc."

## DISCUSSION

Defendants take issue with Plaintiffs' characterization of the exhibits as having been withheld in bad faith.  They claim that they already provided Plaintiffs with a draft version of the documents where was not marked as privileged and which contained language identical to passages Plaintiffs cite in the brief supporting the instant motion.  *See* Defts' Ex. B (document numbered DEFS-019-023468) and Ex. C (transmittal letter showing production of same document).  There does appear to be some similarity between the memo identified as Defendants' Ex. B and Exhibit 584, except that the former appears to be substantially redacted.  Defendants also note that, despite Plaintiff's urgency to include the exhibits in the record at this point, Plaintiffs did not refer to the draft versions at all in their summary judgment papers, nor did Plaintiffs use them at any of the depositions taken in this case.

In addressing the instant unopposed motion, the Court does not intend to reach beyond Judge Torgerson's analysis regarding whether the documents in question are protected by privilege.  It is enough to note that Defendants asserted privilege as their reason for not producing these documents, until the Court ruled otherwise.  Defendants disclosed the documents after summary judgment briefing had been completed because the Court's ruling was not entered until then.  There is no basis for Plaintiffs to infer, much less for the Court to conclude, that Defendants withheld the documents in bad faith.  Nor is the Court interested in exploring this aspect any further.

Because the request to supplement the record is unopposed, the Court sees no reason to deny the motion.  However, the Court has already spent considerable time reviewing the parties' lengthy briefs setting out their respective statements of fact, and Exhibits 584 and 585 do not appear to offer evidence of profound significance which would distinguish these documents

from the hundreds (if not thousands) of pieces of circumstantial evidence presented thus far in the case.  The Court does have one concern.  The parties have recently provided the Court with CD's containing hyperlinked PDF versions of all the parties' summary judgment briefing and exhibits. *See* Doc. 460.  Supplementation of this record would require parties to re-issue these CD's.

The Court also impresses on counsel, particularly Plaintiffs' counsel, that adding Exhibits 584 and 585 into the record does not give them permission to either: (1) file supplemental briefs, or (2) to modify or amend the current summary judgment briefs to the point that would prompt counsel on either side to file motions to strike portions of the amended briefs.  Such motions will risk being met with orders striking Exhibits 584 and 585 from the record, and returning the pleadings to the present status quo.  As the Court previously mentioned, supporting documentation for the current summary judgment briefs is voluminous, and two more exhibits will hardly be missed.

## CONCLUSION

In sum, I find and conclude that parties shall be allowed to supplement the record with Exhibits 584 and 585, but with the following limitation: parties shall filed a joint status report **within ten (10) days** of this Order advising the Court of the date they expect to provide the Court with updated hyperlinked CD's which contain the parties' complete briefing papers.

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Unopposed Motion to Supplement the Record Re: Motions for Summary Judgment (Docs. 448, 449, 452, 453, 461, 462, 467, 468, 476, 477, 481) and Statements of Fact in Support Thereof or in Opposition Thereto (Docs. 450, 454, 469, 478, 482 **(Doc. 502)** is hereby GRANTED in part in that the record may be supplemented with

4

Plaintiffs' Exhibits 584 and 585.  The Court conditions the granting of this request upon the parties filing of a *joint* status report **within ten (10) days** of this Order advising the Court of the date they expect to provide the Court with updated hyperlinked CD's which contain the parties' complete briefing papers.

     **SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE