IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
*ex rel.* ROBERT C. BAKER,

    Plaintiffs,

v.                                                        Civ. No. 05-279 WJ/ACT

COMMUNITY HEALTH SYSTEMS, INC., *et al.*,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion to Compel Production of Documents From, and For Sanctions Against, The New Mexico Human Services Department [Doc. 375]. Non-party New Mexico Human Services Department (HSD) has filed its response [Doc. 384], and Defendants have filed their reply [Doc. 403]. The Court has determined that a hearing is not necessary. For the reasons that follow, the Motion is granted in part and denied in part.

### **FACTUAL BACKGROUND**

This *qui tam* action was initially filed in 2005 by Relator Robert C. Baker [Doc. 1]. The United States of America (Government), through the Department of Justice (DOJ) intervened in 2009 [Doc. 31]. The facts of this case are fully set out in *United States of America, ex rel. Baker v. Community Health Systems, Inc.*, 709 F. Supp.2d 1084 (D.N.M. 2010) and other Memoranda Opinions and Orders entered in this case and will not be repeated here except as necessary. The primary issue in this case is whether Defendant hospitals made non-bona fide donations to their respective counties in order to receive federal dollars for care rendered to indigent patients.

In New Mexico, two sources of Medicaid funding to hospitals are the Sole Community Provider (SCP) fund and the Sole Community Provider Supplemental Payment (SCP Supplemental

Payment) program. New Mexico's share of these programs to hospitals must be funded by county and local governments. The allegation is that because Defendants knew their contributions to the SCP fund were ineligible for federal matching, they falsely characterized those payments as "unrestricted donations" in an effort to make them appear bona fide. A provider-related donation is bona fide only if it has no direct or indirect relationship to Medicaid payments to the health care provider. Plaintiffs allege that Defendants' donations had a direct or indirect relationship to the Medicaid payments they received under the SCP fund or SCP Supplemental Payments program and therefore were non-bona fide transactions.

## PROCEDURAL BACKGROUND

### Judge Johnson's Preservation Order

In 2009, several hospitals who are Defendants in this case, filed a Petition to Perpetuate Testimony, which opened the Court file in Civ. 09-254 WJ/ACT. The petition culminated Judge Johnson's June 23, 2009 entry in that case of the Order Based on Parties' Stipulation Regarding Rule 27 Petition [Doc. 24] (Preservation Order). The Preservation Order covered, among other entities, HSD. It specifically directed HSD to "take all reasonable steps to ensure the preservation, retention, and abatement from continued or further destruction, of all documents and information from 2000 forward concerning or relating to subparagraphs a-c below . . . ." The subparagraphs referred to provide:

> a. county financing of indigent health care, including sources of revenue used by county governments to make contributions to the New Mexico Sole Community Provider Fund;
>
> b. hospital or other provider donations, contributions or other funds transfers to New Mexico county governments; and
>
> c. the disposition or destruction of the documents and information described in sub-paragraphs 3.a and 3.b [below].

Preservation Order [Doc. 24] at ¶ 2(a)-(c).

"Document" and "information" are defined "broadly to include all material concerning the subject matters identified above" in whatever form.  The Preservation Order is several pages long and sets forth all of the parties' stipulations concerning the storage and retrieval of the information.

.     **The Previous Motion to Compel**

In May, 2011, Defendants in this case filed a Motion to Compel Production of Documents from HSD [Doc. 216].  The Motion and supporting Memorandum [Doc. 217] stated that HSD had failed to comply with the Court's 2009 Preservation Order by allowing the destruction of electronically stored information (ESI).  The Motion requested the Court to compel production; submit claimed privileged documents for *in camera* review; and appoint an independent ESI consultant to report on the documents that should have been preserved pursuant to the Court's Preservation Order.

**Judge Schneider's Order**

Judge Schneider ruled on Defendants' Motion on August 16, 2011 [Doc. 267].  He granted the motion by ordering HSD to produce documents; told Defendants they could hire an ESI company at their own expense; and declined to rule on the privileged documents because no privilege log had been prepared.

**December Motion to Compel**

Pursuant to Judge Schneider's August 2011 Order, Defendants hired Navigant, a global expert services firm to conduct an investigation of HSD's ESI compliance. Navigant concluded that HSD had failed to issue a litigation hold or implement a document retention process until August, 2011, which was two years after entry of the Preservation Order.  Navigant determined that