IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
*ex rel.* ROBERT C. BAKER,

Plaintiffs

v.                                                                                                  Civ. No. 05-279 WJ/ACT

COMMUNITY HEALTH SYSTEMS, INC., *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on The United States' Motion for a Protective Order Regarding Community Health Systems, Inc. et al.'s June 1, 2012 Subpoena Duces Tecum to Dawn Popp [Doc. 505], filed June 14, 2012. The Defendants filed their Response [Doc.505] and the Government has filed its Reply [Doc. 507].

## Background

Defendants filed their Motion for Sanctions against the Government on December 9, 2011 [Doc. 373]. The Motion sought sanctions for spoliation of evidence. District Judge William P. Johnson referred that matter to the undersigned for a recommended disposition [Doc. 440]. The Court entered its Notice of Hearing on May 18, 2012 [Doc. 489]. The Notice set the hearing for June 18, 2012 and allowed each side to call two witnesses. Defendants filed their Response to the Notice [Doc. 501] to inform the Court they would call two witnesses, one of whom was Dawn Popp ("Popp"), the attorney in charge of the litigation hold in this case. Defendants served a supoena duces tecum on Popp requesting documents concerning the litigation hold issued by the Government. On June 14, 2012 the Government filed its Motion for Protective Order [Doc. 505].

At the June 18, 2012 hearing the Government, in response to the Court's request, produced some documents concerning the litigation hold, *see* Court's Exhibit 1. The remaining documents were withheld under claims of attorney client privilege and work product immunity. On July 3, 2012, the Court ordered the Government to produce the litigation hold documents for *in camera* review [Doc. 519]. The documents were submitted to the Court on July 20, 2012.

## Discussion

As stated in the Court's July 3, 2012 Memorandum Opinion and Order, litigation hold letters are not *per se* immune from discovery and if there is evidence of spoliation, the litigation hold documents are discoverable. MOO [Doc. 519] at 2-3. There was evidence of spoliation presented at the June 12, 2012 hearing. Popp testified that James Frizzera's ("Frizzera") ESI was not preserved and that the ESI of other EMS employee's was deleted or lost. For example, she testified that Robert Cowan's ("Cowan") documents (including ESI) were at first preserved, but later "went missing;" that it appears that Bobbie Sullivan ("Sullivan") deleted her own e-mails while the litigation hold was in place; and that Linda Territo's ("Territo") documents were deleted when she retired, and while the litigation hold was in place.

She also testified that Frizzera was an important witness, but no effort was made to preserve his documents prior to the February 20, 2009 litigation hold letter and the Government did not even look into the preservation of his documents until 2011, two years later. By that time, his e-mails were deleted pursuant to CMS' document destruction/retention program and his specific ESI on the network shared drive could not be retrieved during a forensic search conducted by Lockheed Martin, a CMS contractor.

Before reviewing the documents submitted for *in camera* review as it relates to this Motion, the Court determined, based on the briefing on Defendants' Motion for Sanctions, the documents

2

and evidence produced at the hearing on June 18, 2012 and the closing arguments of counsel, that the Government failed to institute a timely and an adequate litigation hold.  The Court's review of the documents submitted in connection with this motion confirm that preservation efforts were inadequate as to the ESI of Cowan, Frizzera, Territo, and Sullivan.  Not only was the litigation hold not timely and the initial steps taken inadequate, follow up with the Centers for Medicare and Medicaid Services (CMS) about the continuing duty to preserve relevant documents was virtually nonexistent.

As evidenced by the Court's MOO regarding Defendants' Motion for Sanctions [Doc. 373], the Court agrees with the Defendants' summary of the applicable law as set forth on page 5 of Defendants' Response [Doc. 507]:

> "To ensure that the discovery permitted by Rule 26(b)(1) does not become a futile exercise, putative litigants have a duty to preserve documents or materials that may be relevant to potential future litigation.  *Asher Assocs., LLC v. Baker Hughes Oilfield Operations, Inc.*, Civ. A. No. 07cv1379, 2009 WL 1328483, at *5 (D. Colo. May 12, 2009).  To that end, "[o]nce a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a 'litigation hold' to ensure the preservation of relevant documents' and ESI.  *Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 685 F. supp.2d 456, 466 (S.D.N.Y. 2010).  When litigants fail to take the necessary steps to ensure relevant evidence is preserved, "the integrity of the judicial process is harmed and the courts are required to fashion a remedy."  *Philips Elec. N. Am. Corp. v. BC Tech.,* 773 F. Supp.2d 1149, 1196 (D. Utah 2011).

"A party's discovery obligations do not end with the implementation of a 'litigation hold' -- to the contrary, that's only the beginning.  Counsel must oversee compliance with the litigation hold, monitoring the party's efforts to retain and produce the relevant documents."  *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 432 (S.D.N.Y. 2004).

The Court also agrees with the Defendants that the Government has waived the protection afforded by both the attorney client privilege and the work product doctrine by attempting to use the

Popp Declaration as both a sword and a shield.   "A litigant cannot use the work product doctrine as both a sword and a shield by selectively using the privileged documents to prove a point but then invoking the privilege to prevent an opponent from challenging the assertion." *Frontier Refining Inc. v. Gorman-Rupp Company, Inc.*, 136 F.3d 695, 704 (10th Cir. 1998).  The same analysis applies to documents being withheld under the attorney client privilege.  *Sedillos v. Board of Educ. of School Dist. No. 1 in City and County of Denver*, 313 F. Supp.2d 1091, 1093 (D. Colo. 2004).  The Government submitted the Popp Declaration to affirm that the litigation hold in this case was both timely and adequate and then withheld documents which would allow the Defendants and the Court to test the affirmations made by Popp in her Declaration.

For the foregoing reasons, the Court will order that some of the documents being withheld be produced to Defendants.  The documents are referred to by the number assigned to them on the Government's Privilege log.

DOCUMENT NO.

| | |
|---|---|
| #9 - 14 | Produce |
| #15 | Produce |
| #16 - 20 | Produce |
| #21 | Produce |
| #22 | Need not produce |
| #23 | Produce |
| #24 | Produce |
| #25 - 26 | Produce |
| #27 | Produce |
| #28 | Produce |
| #29 | Produce with last email from Dawn Popps to Dorothy Ferguson at 9:34 a.m. on December 9, 2010, redacted |

4

| | |
|---|---|
| #30 - 31 | Need not produce |
| #32 | Produce |
| #33 - 46 | Need not produce |
| #47 - 49 | Produce |
| #50 - 52 | Need not produce |
| #53 - 55 | Need not produce |
| #56 - 57 | Need not produce |
| #58 - 59 | Produce |
| #60 - 74 | Need not produce |
| #75 | Produce with email from Laurice Chen to Dawn Popp at 10:23 a.m. on May 3, 2011, redacted |
| #76-86 | Need not produce |
| #87 | Produce with email from Elizabeth Rinaldo to Dawn Popp, et al. at 5:43 p.m. on May 10, 2011, redacted |
| #88 | Produce |
| #89 - 90 | Need not produce |
| #91 - 95 | Produce |
| #96 | Produce with email at 9:04 a.m. from Dawn Popp to David Scott et al. on May 12, 2011, redacted |
| #97 - 98 | Need not produce |
| #99 | Produce |
| #100 | Produce with email from Dawn Popp to Elizabeth Rinaldo at 3:20 p.m. on May 20, 2011, redacted |
| #101 - 102 | Produce |
| #103 | Need not produce |
| #104 - 105 | Produce |
| #106 - 107 | Need not produce |
| #108 - 111 | Produce |

| | |
|---|---|
| #112-123 | Produce with last paragraph in email from Dawn Popp to David Scott et al. at 1:52 p.m. on May 31, 2011, redacted, in each document |
| #124-125 | Need not produce |
| #126 | Need not produce |
| #127-128 | Produce |
| #129-130 | Need not produce |
| #131 | Produce |
| #132 | Need not produce |
| #133-134 | Produce |
| #135 | Need not produce |
| #136-137 | Need not produce |
| #138 | Need not produce |
| #139 | Produce with last paragraph of email from Dawn Popp to Kristin Fan et al at 2:41 p.m. on June 21, 2011, redacted |
| #140 | Produce |
| #141-142 | Need not produce |
| #143 | Need not produce |
| #144-148 | Need not produce |
| #149 | Produce |
| #150-153 | Produce |
| #154 | Need not produce |
| #155-158 | Produce with last three sentences in the first paragraph of Dawn Popp's email at 2:39 p.m. to Vickie Robey, redacted |
| #159-167 | Need not produce |
| #168-174 | Produce with last three sentences in the first paragraph of Dawn Popp's email at 2:39 p.m. to Vickie Robey, redacted |
| #175 | Need not produce |
| #176 - 183 | Need not produce |
| #184-192 | Need not produce |

| | |
|---|---|
| #193-194 | Produce |
| #195 | Produce with email from Dawn Popp to Dorothy Ferguson at 4:38 p.m. on August 25, 2011, redacted |
| #196 | Produce with all but paragraph #67, redacted |
| #197-205 | Need not produce |
| #206-208 | Need not produce |
| #209-210 | Need not produce |
| #211-212 | Need not produce |
| #213-217 | Need not produce |
| #218-222 | Need not produce |
| #223 - 224 | Need not produce |
| #225 - 227 | Produce |
| #228 | Produce with email from Dawn Popp to Christopher Wilson at 8:46 a.m. on February 8, 2012, redacted |
| #229 | Produce |
| #230 - 243 | Need not produce |
| #244 | Need not produce |
| #245 - 249 | Need not produce |
| #250 | Produce with email from Dawn Popp to Bobbie Sullivan at 11:07 a.m. on February 27, 2012, redacted |
| #251 | Need not produce |
| #252 - 253 | Produce with all but email from Bobbie Sullivan to Dawn Popp at 12:27 p.m. on February 27, 2012 and Dawn Popp's reply at 12:53 p.m., redacted |
| #254 - 255 | Produce |
| #256 - 258 | Need not produce |

IT IS THEREFORE ORDERED that The United States' Motion for a Protective Order Regarding Community Health Systems, Inc. et al.'s June 1, 2012 Subpoena Duces Tecum to Dawn Popp [Doc. 505] is granted in part and denied in part as stated herein; and

IT IS FURTHER ORDERED that the Government will produce the documents with redactions as indicated above to Defendants within twenty (20) calendar days of entry of this Order.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Alan C. Torgerson
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge