IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
ex rel ROBERT C. BAKER,

      Plaintiffs,

    vs.                                                  Civ. No. 05-279 WJ/ACT

COMMUNITY HEALTH SYSTEMS, INC.,
et al.,

      Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Proposed Findings and Recommended Disposition of United States Magistrate Judge Alan C. Torgerson, filed August 9, 2013 [Doc. No. 594], regarding Defendants' Petition for Fees Concerning Defendants' Motion for Sanctions Against the United States of America. [Doc. 549.] The Government timely filed its Objections [Doc. 595], Defendants responded [Doc. 598] and the Government replied [Doc. 600].

As a courtesy to the undersigned, Judge Torgerson forwarded via electronic mail a draft order which was inadvertently electronically filed [Doc. 596] before the Court had the opportunity to read the Proposed Findings and Recommended Disposition and the objections thereto. When this error was discovered, the Court promptly rescinded the order [Doc. 597].

Now that the Court has had sufficient time to conduct a *de novo* review of the record, including a detailed review of the Proposed Findings and Recommended Disposition and the Government's objections, the Court finds that the objections are not well taken. Accordingly, the objections are overruled.

The party filing objections must specifically identify those findings or recommendations to which the objections are being made. *United States v. Berryman*, No. 11-CV-02708-WYD-KLM, 2012 WL 3245415, *5 (D. Colo. Aug. 8, 2012); *see also United States v. 2121 E. 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996)("Party's objections to magistrate judge's report and recommendation must be both timely and specific to preserve issue for *de novo* review by district court or for appellate review.").[1]  Here, the Government failed to object with any kind of specificity to any particular finding or recommendation in Judge Torgerson's Proposed Findings and Recommended Disposition regarding Defendants' Petition for Fees Concerning Defendants' Motion for Sanctions against the United States.  Moreover, the Government failed to demonstrate how Judge Torgerson's findings or legal conclusions are clearly erroneous, contrary to the law, arbitrary or an abuse of discretion.  Instead, the Government restated its objections to the Judge Torgerson's Report and Recommendations regarding Defendants' Motion for Sanctions  [Doc. 538], objections which were overruled in this Court's Memorandum Opinion and Order Overruling Objections filed on October 3, 2012 [Doc. 544].  Thus, there being no valid objections to Judge Torgerson's Proposed Findings and Recommended Disposition regarding Defendants' Petition for Fees Concerning Defendants' Motion for Sanctions against the United States, the Court adopts Judge Torgerson's Proposed Findings and Recommended Disposition, with one exception.

---

[1] The issue of sanctions addressed herein involves non-dispositive discovery sanctions, which are generally reviewed under a clearly erroneous standard.  *See* 28 U.S.C. § 636(b)(1)(A); *Ocelot Oil Corp. v. Sparrow Industries,* 847 F.2d 1458, 1465 (10th Cir. 1988) (magistrate judge may grant non-dispositive fee aspect and recommend treatment of dispositive sanction requested); *Segal v. L.C. Hohne Contractors, Inc.,* 303 F.Supp.2d 790, 794-95 (S.D.W.Va. 2004) (reviewing magistrate's judge's discovery order under a clearly erroneous standard where the magistrate judge did not issue an order dispositive of the action); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (explaining difference in standard of review for dispositive and non-dispositive matters).  However, the Order of Reference [Doc. 440] concerning Defendants' Motion for Sanctions inadvertently stated that the Court's review of any objections would be conducted pursuant to 28 U.S.C. §636(b)(1)(C), which calls for a *de novo* review by the Court.  Regardless of whether the standard of review is *de novo* or clearly erroneous, the outcome is the same.

As of the date of entry of this order, the United States Congress has not been able to pass legislation or any type of a continuing resolution that funds the varies agencies of the Executive Branch or even the Judiciary for the new fiscal year that begins October 1, 2013.  The attorneys for the Department of Justice litigating this case for the Government have no control over the Congressional budget impasse.  Thus, the Court *sua sponte* is changing Judge Torgerson's order that the Government reimburse Defendants $435,971.62 within twenty days to within ninety days of the date of entry of this order.  As for the Government's request that this sanction be reimbursed in the event it prevails in any appeal that might be taken by the Government concerning the Court's rulings on the Defendants' Motion for Sanctions, the Court lacks jurisdiction to grant this request.   The court of appeals has jurisdiction of appeals from all final decisions of the district courts of the United States.  28 U.S.C.A. § 1291.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition regarding Defendants' Petition for Fees Concerning Defendants' Motion for Sanctions against the United States of America [Doc. 594] is adopted as follows:

1. 26.5 hours billed by the Skadden attorneys on behalf of Defendants during their "meet and confer" phase are excluded;

2. 816.5 hours billed by the Skadden attorneys on behalf of Defendants for Phases II through VI are reasonable;

3. 4.9 hours billed by local counsel William Madison on behalf of the Defendants are excluded;

4. 19.7 hours billed by local counsel William Madison on behalf of the Defendants are reasonable;

      5.      20.0 hours billed by local counsel Henry Bohnhoff on behalf of the Defendants are reasonable;

      6.      The hourly rates of local counsel William Madison and Henry Bohnhoff are reasonable;

      7.      The subject of this litigation presents unusual circumstances that warrant a departure from local hourly rates for the Skadden attorneys;

      8.      The prevailing market rate for the relevant community of law firms in Washington, D.C., managing complex litigation is based on the Adjusted *Laffey* Matrix; and

      9.      The Government is ordered to reimburse the Defendants in the amount of **$435,971.62** ($425,331.00 (Skadden fees) + $10,640.62 (local counsel fees)) within ninety (90) days of the entry of this Order.

      **SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**