IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

UNITED STATES OF AMERICA, EX. REL.
ROBERT C. BAKER,

      Plaintiff,

      v.                                                         Civil No. 05-279 WJ/ACT

COMMUNITY HEALTH SYSTEMS, INC.,
EASTERN NEW MEXICO MEDICAL
CENTER; MIMBRES MEMORIAL
HOSPITAL; NORTHEASTERN REGIONAL
HOSPITAL; and HELENA REGIONAL
MEDICAL CENTER,

Defendants.

## MEMORANDUM OPINION AND ORDER
## ON PARTIES' OBJECTIONS TO EXHIBITS

In this qui tam action,[1] the Government and Relator Robert C. Baker ("Plaintiffs") allege that Defendants violated the False Claims Act ("FCA") by causing the submission of false claims by the New Mexico Medicaid agency seeking matching federal funding of its SCP program. The Court will address the parties' pending dispositive motions at oral argument at a later date. *See* Doc. 609 (Notice of Hearing for Oral Argument). This Order addresses the parties' objections to the exhibits relied on by the parties in the pending dispositive motions, as follows:

- Defendants' Objections to Exhibits Submitted in Support of Plaintiffs' Motions for Partial Summary Judgment: Doc. 470 filed April 24, 2012; Doc. 483 filed May 15, 2012; Doc. 492 filed May 21, 2012 and Doc. 589 filed April 18, 2013 (objections to supplemental exhibits); and

---

[1] A "qui tam action" is an action brought under a statute that allows a private person to sue for a penalty, part of which the government or some specified public institution will receive. Black's Law Dict., 7th ed.

- Plaintiffs' Objections to Exhibits Submitted by Defendants in their Summary Judgment Motions: Doc. 466 filed April 24, 2012, Doc. 479 filed May 15, 2012, Doc. 491 filed May 21, 2012 and Doc. 580 filed March 25, 2013 (objections to Defendants' supplemental exhibits).

Because of the sheer number of exhibits, some of the parties' objections overlap with regard to either the nature of the proffered evidence or the relevant witness. In the interest of presenting the Court's rulings in a clear manner and to avoid unnecessary duplication, the Court has categorized the parties' objections where feasible. In other words, the Court's rulings do not necessarily follow the chronological dates of the filing of the different sets of objections. Also, the Court has thoroughly reviewed the challenged exhibits and carefully considered all of the parties' arguments, and finds no need to reiterate these arguments here in announcing its rulings.

I.      **Defendants' Objections to Plaintiffs' Exhibits (Docs. 470, 483, 492 and 589).**

A.      <u>Declarations of Judith A. Wagner and Warren Lundy (Pltffs' Exs. 47 & 378)</u>

Ms. Wagner and Mr. Lundy are Plaintiffs' experts.[2] Defendants object to Exhibits 47 and 378 on the grounds that the declarations are untimely, lack foundation and would cause unfair prejudice, and that these exhibits cannot be considered supplemental reports when submitted so close to the deadline. Exhibit 47 is Wagner's Declaration, which has six exhibits; Exhibit 378 is the Lundy Declaration, which has four "tab" exhibits.

The Court tends to generally agree with Plaintiffs that the recently disclosed material (many are charts purporting to list donations made by various Hospital Defendants) does not contain any new analysis or conclusions and will assist the Court in understanding the report. To the extent that any of the items should have been disclosed earlier (for example, letters from Anna Bransford to Janet Gomez), the recent disclosure does not prejudice Defendants in the least

---

[2] The Court previously denied Defendants' motion to exclude Ms. Wagner's testimony (Doc. 457).

since this material is not of the kind that would cause either expert to alter or vacillate from their theories. Thus, the objections are OVERRULED.

B.     Excerpts from DeLoach Deposition (Pltffs' Ex. 168)

Defendants object to certain excerpts from Exhibit 168, the deposition transcript of Remer DeLoach, the CFO of Mimbres Memorial Hospital during 2004, for lack of foundation and personal knowledge. Defendants claim that DeLoach made impermissible legal conclusions, relating to whether donations made by the Mimbres Memorial Hospital ("Mimbres") were related to IGT transfers ("IGT's"), and whether the amount of the donations affected how much SCP ("Sole Community Provider") funding the hospital received. The Court finds that DeLoach's statements are not necessarily legal conclusions because they are sufficiently based on his personal knowledge as the CFO of Mimbres. Thus, Defendants' objections are OVERRULED.

C.     Affidavits of Anna Bransford (Pltffs' Exs. 373 & 466)

Defendants object to Exhibit 373 for lack of foundation and personal knowledge. This is an affidavit by Anna Bransford, who was the HSD ("New Mexico Human Services Department) program administrator for the SCP program in 2007, in the Medical Assistance Division ("MAD"). The Affidavit speaks to what uses the State made of the SCP fund (e.g., that the State draws down on the fund to be reimbursed for SCP payments made to hospitals). Defendants contend that, based on her deposition statements, she has no personal knowledge of the flow of funds to and from the SCP fund. The Court agrees with Plaintiffs that Ms. Bransford has personal knowledge of the statements set forth in Ex. 363, based on her job responsibilities at MAD managing the SCP program, and these objections will be OVERRULED.

Defendants also object to two other paragraphs in Bransford's affidavit (Ex. 466), in particular, §§ 1 and 5 on grounds of no foundation and stating legal conclusions. The statements purport to state what the purpose of the Sole Community Provider Fund ("SCP Fund"), and that the State's matching contribution must be derived from public funds and not from private hospitals. Again, the Court disagrees with Defendants. Bransford was essentially a "financial manager" with HSD's MAD in 2002, and through these duties, developed knowledge and an understanding of the purpose of the SCP programs and whether county matching payments are permitted to come from private hospital donations. Her statements reflect her understanding as to what the law required, rather than a legal conclusion as Defendants contend. Defendants' objections are OVERRULED.

D.  Excerpts from Deposition of Carolyn Ingram (Pltffs' Ex. 580)

Ms. Ingram was the director of MAD for a period of time, including in 2006. In the offending excerpt, she agreed with the statement that, as the director of MAD, the county match cannot come from private hospitals, either directly or indirectly. Defendants seek to exclude this exhibit because it contains legal conclusions and is unhelpful to the Court, under Fed. R. Evid. 701. In this case, Defendants have put, front and center as an issue, the Government's understanding and advice of state officials. The Court views these statements as reflecting Ms. Ingram's understanding, rather than legal conclusions, and thus, the Court OVERRULES Defendants' objections.[3]

E.  Deposition Transcript of Daryl Schwebach (Pltffs' Ex. 582)

---

[3] Defendants object to statements made by top state officials such as Mr. DeLoach, Ms. Bransford and Ms. Ingram, yet rely heavily on a defense that the state not only was fully aware of the donations being made by the hospitals but advised the hospitals to make these donations to the counties. While Defendants may seek to present their defense unchallenged by any testimony to the contrary, the Court intends to present all relevant and admissible testimony on all issues in this case, in order to assist the fact finder as much as possible.

4

Defendants object to Exhibit 582 for lack of personal knowledge.  The excerpt at issue involves the filling out of Forms 64.   Daryl Schwebach worked as the Administrative Services Division (ASD) director at New Mexico Human Services Department, after which he was promoted to HSD deputy cabinet secretary for Finance and Administration.  His responsibilities included reviewing and certifying the Form 64s before they were submitted.  The Court finds that Mr. Schwebach did have personal knowledge on the subject on which he testified because he was being asked about his usual practice in handling these forms.  Defendants also object to Plaintiffs' compound questions during the deposition, but the Court finds nothing objectionable about counsel asking Mr. Schweback about his practice in handling these forms in a certain set of circumstances.   Defendants' objections are OVERRULED.

F.       Declaration of Anna Bransford, Donna Rivera, Julie Atencio, Sharon Garcia and Donna Sandoval (Pltffs' Exs. 571, 572, 573, 574, 575

In the challenged portions of these exhibits, each declarant describes her personal participation in the preparation of (1) Accounting Transaction Requests ("ATRs"), (2) information pertaining to the Sole Community Provider (SCP) program payments, including ASD's draw down of federal funds for those payments, and/or (3) CMS-64 Forms ("Form 64") submitted to the federal government.

Defendants recognize there is some  relevance of these statements to the falsity element in an FCA claim, but claim that taken together, there is not sufficient detail to be considered admissible relevant evidence, and also contend that the unavailability of complete records renders these statements insufficiently reliable.

The Court OVERRULES these objections, finding that all the declarants have adequate personal knowledge of the subject matter and the declarations are substantively relevant.  The Court further finds that the materiality argument made by Defendants is unpersuasive and that

Defendants' disagreements with the substance of the declarations or their absolute accuracy go to the weight of the declarations rather than their admissibility.

G.     Excerpts from Deposition Transcript of Mark Weber (Pltffs' Ex. 452)

Mr. Weber is the outside auditor hired by Defendant Community Health Systems, Inc. ("CHSI"). Defendants contend that Weber's responses to certain questions in his deposition transcript are inadmissible for lack of personal knowledge, foundation and relevance. They argue that Weber's statements are in response to hypothetical questions and are based on "biased" characterizations of the evidence, and also that Weber's testimony in these sections contains no admissible evidence, but only his speculation to hypothetical questions. Plaintiffs counter that counsel's questions to Weber are not "biased," but based on documents, facts and other evidence that were produced by Defendants, and that the hypothetical questions posed are directly related to this evidence.

Under Fed. R. Evid. R. 701, lay witnesses generally are not entitled to express opinions based on hypothetical questions. *See Wilburn v. Maritrans GP Inc.*, 139 F.3d 350, 356 (3rd Cir. 1998) (essential difference between lay and expert opinion testimony is that qualified experts may answer hypothetical questions). Certainly, had Mr. Weber been offered as an expert witness, this testimony would be permitted. However, Rule 701 permits non-expert witnesses to testify in the format of an opinion when it is useful for the witness to do so, and may testify to opinions gleaned from factual information that they personally perceived. *See Certain Underwriters at Lloyd's v. Sinkovich*, 232 F.3d 200, 203 (4th Cir. 2000) (experts may respond to hypothetical questions, but lay opinions must be based on personal knowledge and first-hand experience).

The Court views Mr. Weber's responses to hypothetical questions as statements

regarding what he would have done in carrying out his specific functions as CHSI's auditor. He was not opining on auditing practices generally, but rather practices with which he was personally familiar and over which he was personally responsible. Therefore, the Court OVERRULES Defendants' objections.

H.     Affidavit of Donna Sandoval (Pltffs' Ex. 375)

Defendants object to Exhibit 375, which is an affidavit by Donna Sandoval, the Deputy Director of the ASD of New Mexico's HSD, in which Ms. Sandoval states that the CMS-64 Forms did not include reductions for donations made by hospitals to county governments.

Defendants contend that there is no evidence to suggest that Sandoval performed any analysis to determine whether New Mexico has consistently included as medical expenditures, SCP and SCHSP payments made to participating hospitals on its Form 64 submissions to the federal government. Thus, Defendants contend that the exhibit should be excluded because Sandoval lacks personal knowledge and her statements do not have a reliable foundation.

The Court finds that Ms. Sandoval has personal knowledge of the subject matter by virtue of carrying out her duties in her capacity as Deputy Director of ASD. There is evidence that one of her functions was to review Form 64 claims before they were submitted to the federal government which clearly gives Sandoval familiarity with the contents of the CMS Form 64's that the State of New Mexico submitted to the federal government. Defendants equivocate on the quality of Ms. Sandoval's analysis, but this would be a matter of weight and is insufficient to preclude the admission of this testimony. Defendants' objections are OVERRULED.

I.     State Court Order (Pltffs' Ex. 424)

Defendants object to Exhibit 424, which is an April 10, 2012 order issued by the First Judicial District Court, County of Rio Arriba, for the State of New Mexico, in a case captioned

*Ellsworth v. Lea Regional Hospital, LLC and Community Health Systems, Inc*, Case No. D-117-CV-2011-520. The Order denied CHSI's motion to dismiss that case for lack of personal jurisdiction. Defendants contend that unrelated judicial findings of fact or judgments in prior unrelated cases are hearsay, and do not meet any exception to the hearsay rule such as the public records exception (Rule 803(8)). *See Herrick v. Garvey*, 298 F.3d 1184, 1192 (10th Cir. 2002) (affirming summary judgment for defendant because district court properly did not consider findings of fact in a prior, published federal court opinion offered by plaintiff in an attempt to create an issue of fact). Defendants also contend the exhibit lacks foundation because it does not explain what evidence the state court considered, what evidence it found persuasive or unpersuasive or what arguments it embraced or rejected, and thus the order contains no meaningful analysis and provides no insight into the court's decision-making process.

Plaintiffs are correct that a court may take judicial notice of decisions in other cases that relate to matters before it. *See St. Louis Baptist Temple, Inc. v. F.D.I.C.*, 605 F.2d 1169, 1171-72 (10th Cir. 1979) (federal courts may take judicial notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a relation to matters at issue). Defendants' objections are OVERRULED, and what weight the Order should be given, if any, is something the Court will decide at a later date.

J.     Demonstrative Chart of IGT's and Supporting Documentation (Pltffs' Ex. 564)

This demonstrative chart lists intended IGT's from San Miguel County to the State. Defendants object to this exhibit as incompetent and inaccurate evidence. Pursuant to Rule 1006 of the Federal Rules of Evidence, a party may use a chart "to prove the content of voluminous writings . . . that cannot be conveniently examined in court." Fed. R. Evid. 1006. A demonstrative chart must accurately reflect the underlying, admissible records. *See e.g., Silva v.*

*Goodwill Indus. of N.M.*, 210 F.3d 390, 2000 WL 358437, at *2 (10th Cir. Apr. 7, 2000) (unpublished) (affirming summary judgment for defendant and exclusion of summary exhibit under FRE 1006, stating that "to be admissible, '[s]ummaries must be accurate and nonprejudicial'").

The Court finds that Defendants' objections go to weight rather than admissibility, and thus Defendants' objections are OVERRULED.

K.    CHS/Hospital Personnel (Pltffs' Ex. 1)

This is a demonstrative exhibit which contains a chart entitled "CHS/Hospital Personnel" listing the titles, employers/affiliations and office locations of certain individuals. Defendants contend this exhibit lacks reliable foundation because it contains no relevant facts to substantiate any of the information on the chart. Defendants also contend it is misleading because it does not indicate the timelines for when the listed individuals held their positions, and for how long. Plaintiffs claim that they are not asking the Court to accept Exhibit 1 as evidence of any fact, but offer it only to aid the Court "in reviewing the voluminous briefing before it, and in keeping track of the numerous parties and players involved in this case." Doc. 496 at 10.

There is no reason to exclude this exhibit, and every reason to allow it. For some time now in dealing with this case, the Court has been building its own "list" of parties and players (individuals as well as entities), including the meaning of numerous acronyms used throughout the pleadings. This case is complex enough, even with the use of such guides, and the Court wagers that counsel in this case relied on their own lists in order to keep track of the multitude of parties, players and issues in this complex case. The Court is in favor of taking any measures which will make this case less confusing to a jury, should the case proceed to trial, and therefore the objection is OVERRULED.

L.        E-Mail Bates-Stamped Defts-013-009613 (Pltffs' Ex. 289)

Exhibit 289 is an e-mail dated 2/11/09, from Leonard Tapia, Alta Vista's CFO during part of the Dec 2007 Memorandum of Understanding ("MOA"), to Richard Grogan. Defendants contend his exhibit is hearsay if it is being offered to show that the reason San Miguel County approved an SCP funding amount less than what was requested by Alta Vista for State Fiscal Year 2009-2010 was because the County was no longer accepting donations from the hospital.

Plaintiffs contend that the statements contained in the quoted portion of Exhibit 289 are not hearsay, because they are not being offered to prove that the County could not in fact continue to accept donations from the hospital, i.e. to prove the truth of the underlying alleged statements by Gonzalez and the "Attorney General." Instead, this evidence is being used only to prove that Tapia believed and understood, based on statements made directly to him, that SCP program funding to Alta Vista depended upon, and therefore was related to, Alta Vista's donations to the county. *See Anderson v. United States*, 417 U.S. 211, 221 n.8 (1974) (noting that "evidence is not hearsay when it is used only to prove that a prior statement was made and not to prove the truth of the statement"); *Creaghe v. Iowa Home Mut. Cas. Co*., 323 F.2d 981, 984-85 (10th Cir. 1963) (Hearsay rule does not exclude relevant testimony as to what contracting parties said with respect to making or terms of oral agreement).

Plaintiffs also argue that Tapia's statement qualifies as a hearsay exception under Fed.R.Evid. 803(6). However, this argument need not be considered because the Court finds that the exhibit is not being offered for the truth of the matter asserted. It does not matter whether or not the County was in fact not accepting donations any longer from the hospital. What matters is Tapia's belief that there was a connection between the donations and the SCP funding the

hospital received. This inference goes to the heart of the allegations in this case. Defendants' objection is OVERRULED.

M.      Supplemental Exhibits (Pltffs' Exs. 595, 594 and 588

Defendants object to three of Plaintiffs:

*1.*      *Exhibit 595 (Declaration of Kristin Fan):*  Ms. Fan was employed at the time as Acting Director of the Financial Management Group (FMG) at CMS, and assisted DOJ's prosecution of this case. Her Declaration essentially states that the hospitals' donations during FFY 2010 and 2011 were not bona fide because the amount of their contributions were nearly the same as the State share which was required to draw down federal Medicaid funds; and also stated that CMS was in the process of calculating a disallowance of federal funding as a result of those donations. Defendants contend that her Declaration, dated April 2013 is misleading, lacks foundation, states inadmissible legal conclusions and is both confusing and prejudicial. Plaintiffs contend that Ms. Fan's statements are facts and not legal conclusions because they relay the findings from the CMS 2011 review. The Court agrees with Plaintiffs that Ms. Fan certainly has the personal knowledge to give these types of lay opinions, based on her position with CMS. The Court disagrees with Defendants' contention that the Declaration lacks adequate foundation and is confusing.[4] Further, while it is prejudicial to Defendants because it states there is an impermissible correlation between the hospitals' donations and the amount of federal funding received, the prejudice is expected and is vastly outweighed by its probative value. Therefore, Defendants' objections are OVERRULED because Ms. Fan's Declaration is based on ample

---

[4] Defendants claim that the Declaration lacks adequate foundation because it is not related to any findings of a CMS document, specifically referring to Defts' Ex. 136 and Pltffs' Ex. 595 (Fan Decl.). The Court sees no relevant distinction between the two, as both documents state the strong similarity between the size of the donation, and the State's share amounts.

11

foundations, states facts and lay opinions, and not legal conclusions, and is neither misleading nor confusing.

2.  *Exhibit 594 (Excerpts from Dorothy Ferguson's Testimony):* The excerpt states that James Frizzera (former Director of the Financial Management Group, part of CMS), "had Kristin Fan relay to [him] that he had some questions about the details in the report. . . ." Defendants claim that the statement is inadmissible hearsay. The Court agrees with Plaintiffs that the statements are not hearsay because they are offered to show that the statements were made, and not necessarily to prove that Mr. Frizzera had questions about the report. Also, as Plaintiffs point out, Ms. Ferguson's statements are corroborated by Ms. Fan's own testimony that Mr. Frizzera had concerns about the working and completeness of the report. Defendants' objection is OVERRULED.

3.  *Exhibit 588 (Draft Letter from Kristin Fan on Behalf of Cindy Mann)(filed under seal)*

Defendants contend this exhibit is misleading and confusing. Because the exhibit is sealed, the substantive nature of the exhibit will not be discussed. Defendants claim there is no evidence offered to establish that Ms. Fan actually drafted the letter, and in particular that Ms. Fan had no personal knowledge of the statement made in the letter. Plaintiffs point out that Defendants have introduced e-mails to, from, or copied to Ms. Fan in the same time period in which now Defendants are claiming Ms. Fan lack personal knowledge. They contend the letter is relevant, and also that Ms. Fan's statement is corroborated by the testimony of Bob Cowan (former financial analyst in the Dallas Regional Office).

Defendants' objections are OVERRULED because the exhibit is neither misleading nor confusing.

**II.     Plaintiffs' Objections to Defendants' Exhibits (Docs. 466, 479, 491 and 580).**

A.  Newspaper Articles (Defts' Exs. 65, 72, 74, 76, 91, 92 and 94)

Plaintiffs contend that these articles are inadmissible hearsay because Defendants are offering the substance of what was reported in these articles as the truth to prove that hospital officials testified that they believed hospitals could make donations, when in fact no such testimony was given.  Plaintiffs object to their admission.  *See Dallas County v. Commercial Union Assur. Co.*, 286 F.2d 388, 391-92 (5th Cir. 1961) ("Of course, a newspaper article is hearsay, and in almost all circumstances is inadmissible"); *New England v. Anderson*, 888 F.2d 646, 650 (10th Cir. 1989) (affirming exclusion of newspaper article).  Defendants counter that they are not offering this evidence for the fact that the donations were in fact made, but for the public nature of the reporting of the donations by the hospitals to the county.

The Court SUSTAINS Plaintiffs' objections.  The hearsay problem associated with these articles can be resolved by presenting witnesses who may testify about what they understood regarding the donations that were made.  Also, the fact that these donations were publicly reported may be presented either by stipulation or by witness testimony.

B.  Information Concerning Other Hospitals

Plaintiffs seek to exclude evidence that other New Mexico hospitals have entered into memoranda of understanding (MOAs) with their respective counties and that HSD has been aware of the donations since at least 2000.  Plaintiffs contend the conduct of *other* hospitals has no bearing on any of the legal elements at issue in this suit, and thus should be excluded.  These exhibits are: D-Exs. 51, 65, 72, 74, 91, 94,107, 111, 114, 138 (Doc. 466, P's First Obj); and D-Exs 144, 145, 146 (Doc. 479, P's Second Obj).

Defendants argue that the evidence *is* relevant and material in that it shows a state-wide practice of SCP hospitals making donations to county governments, that this widespread practice

13

was publicly reported, and that Defendants could not have caused the State to fail to report the donations or otherwise submit false claims because the State knew about the nature and source of the donations. The Court finds that these exhibits are relevant to the elements of an FCA claim, including the materiality element which would consider what the Government knew about the nature of the donations. Thus, Plaintiffs' objections are OVERRULED.

C.      <u>Declaration by PSC ("Professional Services Corporation") Employees</u>

Plaintiffs object to the following exhibits based on lack of personal knowledge and because they contain legal conclusions rather than facts appropriate for summary judgment: Defts' Exs. 2, 171, 172, 173, 174, 201, 202 and 203. These exhibits are declarations by PSC employees Larry Cash, Michael Portacci, Larry Carlton and Rachel Seifert, stating generally that actions alleged by Plaintiffs were taken on behalf of PSC or Roswell Hospital Corporation, and not on behalf of any of the other corporate entities in which the declarants held officer positions. Their statements concern the corporate formalities taken by the separate corporate entities to keep things separate. Plaintiffs base their objections to these exhibits on lack of personal knowledge and/or impermissible legal conclusions.

Plaintiffs contend that the declarants' statements should be excluded because they are legal conclusions for which they have no personal knowledge. Plaintiffs contend that these statements are not rationally based on the declarants' perception, because corporate officers cannot possibly have perceived every action taken on behalf of PSC over the course of ten years, nor can they have personally observed all the corporate formalities over ten years between and among all the Defendants. However, Defendants contend that the declarants, as corporate officers have personal knowledge of the acts of their corporations by virtue of their positions. *See, e.g.*, *Self-Realization Fellowship Church v. Ananda Church of Self-Realization*, 206 F.3d

1322, 1330 (9th Cir. 2000) (holding that as a "corporate officer," the affiant "could be expected to know the identity of [company's] employees and their tasks").

The declarants describe their positions as corporate officers. Doc. 494 at 14. They also concede that the declarations may well be "self-serving" but note, correctly, that "there would be no point in a party submitting" evidence that is not self-serving. *S.E.C. v. Phan*, 500 F.3d 895, 909-10 (9th Cir. 2007) (holding that district court erred in disregarding defendants' declarations at summary judgment); *Williams v. Shields*, 77 F. App'x 501, 503 (10th Cir. 2003) (internal citation omitted) ("As long as an affidavit is 'based upon personal knowledge and sets forth facts that would be admissible in evidence,' . . . such averment of a party is legally competent [evidence at] summary judgment, notwithstanding its inherently self-serving nature.").

The Court finds that the declarants, by virtue of their positions as corporate officers, are qualified to assert whether a person with dual roles was acting on behalf of PSC or another corporate entity. They have a sufficient understanding of the corporate structure to give this testimony. The testimony, of course, would be subject to credibility and weight. Thus, Plaintiffs' objections are OVERRULED.

D. <u>Hearsay That Does not Qualify For Business-Records Exception (Defts' Exs. 113 and 150)</u>

Plaintiffs object to Defendants' Exhibit 113 (Letter from Scott Vinson to DOJ) and Defendants' Exhibit 150, a letter from Lea County to HSD because they are not admissible under the business records exception, and were prepared in anticipation of litigation.[5] Exhibit 113 appears to be an attempt by Luna County to argue its case to Department of Justice ("DOJ")

---

[5] To qualify under that rule, the evidence must "(1) have been prepared in the normal course of business; (2) have been made at or near the time of the events it records; and (3) be based on the personal knowledge of the entrant or of an informant who had a business duty to transmit the information to the entrant." *Hertz v. Luzenac Am., Inc.*, 370 F.3d 1014, 1017 (10th Cir. 2004).

15

during a time when DOJ was conducting an investigation into the legality of the hospitals' donations to the counties.  The Court agrees with Plaintiffs that the exhibit would be offered to defend the county's actions regarding the source of its IGT funds.  However, business correspondence does not constitute a business record when created in anticipation of litigation. *Echo Acceptance Corp. v. Household Retail Servs., Inc.*, 267 F.3d 1068, 1091 (10th Cir. 2001) (affirming exclusion of letters that had "all the earmarks of being motivated and generated to further [the defendant's] interest, with litigation . . . not far around the corner.") (quoting *Timberlake Constr. Co. v. U.S. Fid. & Guar. Co*., 71 F.3d 335, 342 (10th Cir. 1995)).  For this reason, the Court SUSTAINS Plaintiff's objections to this exhibit.

Plaintiffs also seek to exclude Defendants' Exhibit 150 as inadmissible because it was prepared in anticipation of litigation, and because the letter does not fall into any category of hearsay exception.  In the letter, HSD (the State) instructed the County to respond to draft findings by CMS regarding the SCP program and provider donations.  Defendants argue that the letter is admissible because Lea County prepared it in the normal course of business, as part of its legal duties as a participant in the SCP program under New Mexico law.  However, Defendants do not speak to the issue of whether the document was prepared as part of the investigation being conducted by the State into the legality of the donations, which was well underway at the time. The Court SUSTAINS Plaintiffs' objections to this exhibit, which shall be excluded as inadmissible hearsay.

E.   <u>Hearsay Statements Related to Statements by Michael Aragon (Defts' Exs. 6, 7, 46, 48 &156)</u>

Plaintiffs seek to bar all of such evidence on the grounds that testimony of hospital officials regarding what Michael Aragon said is inadmissible hearsay.  *See Club Car Inc. v. Club Car (Quebec) Import, Inc*., 362 F.3d 775 (10th Cir. 2004) ("Inadmissible hearsay cannot be

considered on a motion for summary judgment."). These are statements purportedly made by Mr. Aragon to Michael Healey, CFO of Eastern New Mexico Medical Center ("Eastern"), Eastern's CEO Ron Shafer, and Michael Portacci and Larry Cash (both CHSI executives). The statements concern what Aragon allegedly told these individuals regarding the donations being acceptable.

Plaintiffs object to Mr. Shafer's testimony because this testimony shows that Shafer does not really recall speaking with Mr. Aragon, and does not remember what was said in the conversations. Plaintiffs also object to two other documents which are memos by Michael Portacci to Larry Cash because they are inadmissible double hearsay (statements from Portacci to Cash about statements made by Aragon). Defendants contend that they are not offering these exhibits for the truth of the matter asserted, but rather to show merely that the statement was made, and for the effect on the person who heard the statement. *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 173 n.18 (1988) (noting that an out-of-court statement "offered simply to prove what [declarant] had said about the accident six months after it happened" was not hearsay). In other words, Defendants claim that they offer Mr. Aragon's statements *not* to prove that the hospitals could legally make these donations, but rather simply that Aragon made these communications to the hospital officials. Defendants also argue that these statements are offered under the hearsay exception in Rule 803(3) (state of mind) and that Ron Shafer's lack of recollection has no bearing on the admissibility of Defendants' Exhibits 46 and 48 (memos by Michael Portacci).

The Court SUSTAINS Plaintiffs' objections in part, and OVERRULES them in part. The Court finds that these exhibits are hearsay. The objections are SUSTAINED as to testimony relating to conversations with Mr. Aragon where the witness does not recall whether those

17

conversations even took place. Such evidence does not qualify as relevant evidence under Rule 401 that would have the tendency to make the existence of any material fact more or less probable, and as a result, would be utterly worthless to a fact finder. Also, the Court finds that Defendants have not shown that the statements were created within the normal course of conducting business to come within the business records exception in Rule 803(6), nor that they come within the exception under Rule 803(3) which requires a then-existing mental or physical state rather than simply conveying a fact remembered or believed. Plaintiffs' objections are therefore SUSTAINED in this regard. Moreover, memos from Mr. Portacci to Mr. Cash about Mr. Aragon's statements are double hearsay and would not be admissible even if they qualified under a hearsay exception. Finally, exhibits which purport to convey what these witnesses *understood* Mr. Aragon to say are not hearsay and are admissible, and Plaintiffs' objections are OVERRULED on this limited ground. In sum, statements by Mr. Healey, Mr. Shafer, Mr. Portacci and Mr. Cash in these exhibits are admissible on a limited basis, that is, only if they offer what these individuals understood from Mr. Aragon's statements to them, rather than Mr. Aragon's actual statements. In addition, exhibits which indicate a lack of recall on the part of the witness as to conversations which took place with Mr. Aragon are inadmissible.

F.      Plaintiffs' Objections to Defendants' Supplemental Exhibits

Plaintiffs object to Defendants' Exhibits 208, 210, 216, 227 and 208 on hearsay grounds.

*1.      Defendants' Exhibits 216 & 227 (sealed exhibits)*: The Court agrees with Defendants that Exhibits 216 and 217 are admissible as statements by Government employees under Fed.R.Evid. 801(d0(2). Regarding Exhibit 216, the Court agrees with Defendants that Ms. Popp's statements are not hearsay, and therefore Plaintiffs' objections are OVERRULED on this exhibit. *See Grace United Methodist Church v. City of Cheyenne,* 451 F.3d 643, 667 (10th Cir.

2006) (quoting *U.S. v. Pinalto,* 771 F.2d 457, 459 (10th Cir. 1985) (rules of evidence affording "generous treatment" to admissions by party opponents). However, Exhibit 227 suffers from double-hearsay problems because they are statements made by Dorothy Ferguson about what Dawn Popp said. Thus, the Court SUSTAINS Plaintiffs' objections on Exhibit 227.

    2.    *Defendants' Exhibits 208 & 210 (sealed exhibits)*

These exhibits are e-mail communications. Defendants claim these are not hearsay because they are not offered for their truth, but only to show awareness and the existence of routine communications between the sender and receiver, and a reliance on statements made by a third party. The Court agrees that these statements are not offered either for their truth, or to try to prove what the third party stated. Thus, the Court OVERRULES Plaintiffs' objections to both these exhibits as well.

    **SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE