IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
ex rel ROBERT C. BAKER,

      Plaintiffs,

      vs.                                                     Civ. No. 05-279 WJ/ACT

COMMUNITY HEALTH SYSTEMS, INC.,
et al.,

      Defendants.

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART RELATOR'S MOTION FOR RECONSIDERATION, and DENYING DEFENDANTS' CROSS-MOTION FOR RECONSIDERATION

THIS MATTER comes before the following motions:

- Motion for Reconsideration of Order Denying in Part and Granting in Part ["Partial Reconsideration"] Summary Judgment, filed by the Qui Tam Plaintiff/Relator Robert Baker on February 21, 2014 **(Doc. 626)** (joined by the Government, Doc. 631); and

- Defendants' Cross-Motion for Reconsideration, filed on March 10, 2014 **(Doc. 627).**

Having reviewed the parties' briefs and applicable law, the Court grants in part and denies in part Relator's Motion in for Reconsideration, and denies Defendants' cross-motion for reconsideration. The Court also rejects Defendants' suggestion that oral argument on the parties' cross-motions may be "useful in clarifying the argument and facts being presented for reconsideration." Doc. 628 at 2, n.1. The Court has read the parties' briefs, finds them sufficiently informative, and has decided that no further "clarification" is necessary.

### BACKGROUND

In this qui tam case, the Government and Relator Robert C. Baker ("Plaintiffs") allege

that Defendants violated the False Claims Act ("FCA"), 31 U.S.C. §3729(a)(1)(A) (formerly 31 U.S.C. §3729(a)(1), by "causing" the submission of false claims by the New Mexico Medicaid agency seeking matching federal funding of its programs providing health care for indigent residents of New Mexico. The Defendants are private hospitals ("Hospitals") which are subsidiaries of Community Health Systems, Inc. ("CHSI") and CHS/Community Health Systems, Inc. ("CHS/CHSI") (collectively, "Corporate Defendants").[1] Following a long and tortuous course of litigation, the Court recently ruled on several dispositive motions in this case, on which the parties now seek reconsideration.

In addressing the parties' motions to reconsider, the Court assumes familiarity with the underlying issues. A complete discussion on the facts of this case, as well as a detailed background of the process behind the Medicaid reimbursement scheme, is set forth in the Court's previous Memorandum Opinion and Orders, e.g., Docs. 83, 91, 616 and 621.

## I.     Procedural Background

Some background on this case's history is needed in order to put the Court's findings into context. The complaint in this case was filed under seal in March of 2005. The First Amended Complaint was filed in camera and under seal in April 2005. The Government intervened in June 2011 (Doc. 226), and the Relator filed his Third Amended Complaint also in June 2011 (Doc. 224). There are presently almost 650 docket entries filed, and every aspect of this case, from discovery to dispositive motions, has been ferociously litigated.

The Court's review of the dispositive pleadings involved a colossal number of documents and statements of fact. *See* Doc. 621 (Mem.Op. & Order) at 6 (noting that parties presented "over a thousand statements of fact" and "even more exhibits supporting those facts"). The

---

[1] The Hospitals ("Hospital Defendants") named in this lawsuit are: Roswell Hospital Corporation d/b/a Eastern New Mexico Medical Center; Deming Hospital Corporation d/b/a Mimbres Memorial Hospital; and San Miguel Hospital Corporation d/b/a Alta Vista Regional Hospital.

2

pleadings were voluminous enough to require presentation to the Court on a flash drive, and the exhibits were too numerous to electronically file on the docket; instead, all of the exhibits have been lodged in the Records Department of the Clerk's Office.   At least twice, parties were granted leave to amend the dispositive pleadings and accompanying exhibits and statements of fact, making it even challenging for the Court to keep track of the factual disputes relevant to the various issues in this case.   For example, Defendants' response to Plaintiffs' summary judgment motion, Document 523 (formerly Doc. 450), was originally Document 469, and then Document 575.   Plaintiffs' reply, Document 587, was initially Document 479, and then Document 526. Similarly, Plaintiffs' response to Defendants' summary judgment motion, Document 572 (formerly Doc. 454) was originally Document 464, was amended by Document 525 and then finally Document 584.   In addition, public versions of sealed pleadings were filed, particularly where a pleading contained references to facts presented ex parte.   *See, e.g.,* Doc. 464 (public version of Doc. 463, which was sealed).

When the dust settled on all the pleading amendments, the Court and its staff then spent an enormous amount of time reviewing and digesting the entirety of the parties' submissions, and set the pending dispositive matters for oral argument.   After two days of hearing (*see* Docs. 619-20, Transcripts), the Court factored counsel's arguments into its considerations of the issues, and entered an omnibus Memorandum Opinions and Orders ruling on these motions.   Plaintiff's motion for partial summary judgment on issues of falsity and materiality was denied; the Corporate Defendants' motion for summary judgment was denied; and the Hospital Defendants' motion for summary judgment was largely denied, with the exception of the non-intervened claims brought by the Relator under §3729(a)(2), which the Court granted.   *See* Doc. 621 (Mem.Opin. & Order).

The Relator (joined by the Government) and Defendants now seek reconsideration of the Court's ruling which are adverse to their positions. Because Defendants' response to Plaintiff's motion to reconsider serves also as their cross-motion, the Court addresses both motions simultaneously.

## II.     Legal Standard

Reconsideration is appropriate where a court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning, but of apprehension. *Huff v. UARCO*, Inc., 925 F.Supp. 550, 561 (N.D.Ill. 1996); *Benedictine College v. Century Office Products*, 866 F.Supp. 1323, 1326 (D.Kan. 1994) (A motion to reconsider is appropriate when the court has obviously misapprehended a party's position or the facts or applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence). The decision whether to grant a motion to reconsider is committed to the sound discretion of the court. *Thompson v. City of Lawrence*, 58 F.3d 1511, 1514-15 (10th Cir. 1995) (citing *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988)).  A final judgment has not been entered in this case, since the Court has denied the majority of the dispositive motions. Thus, the Court's rulings may be revised at this time on the Court's reconsideration. *See* Fed.R.Civ.P. 54(b).

## DISCUSSION

Relator seeks a modification of the Court's dismissal of his non-intervened claims arising under §3729(a)(2), asserting that the Court's analysis does not apply to the causes of action to which the Court granted summary judgment, and because the Court failed to address the Government's opposition to dismissal of these causes of action based on false claims submitted after March 23, 2010.   Defendants seek reconsideration on the merits for Relator's non-

intervened claims against all Defendants asserted under §3729(a)(2) for conduct regarding the non-Triad Hospitals; for §3729(a)(1) claims asserted against the Triad Hospitals; and for the Court's denial of summary judgment regarding liability of the Corporate Defendants.[2]

## I. False Records Claims Asserted Against Triad Hospitals

Relator states that he had asserted two sets of claims arising under §3729(a)(2), and that the Court's analysis was misapplied so that both sets of claims were dismissed.

### A. Description of Claims

A description of Relator's non-intervened claims is necessary in order to understand the basis for Plaintiff's motion to reconsider. Relator alleged two sets or categories of non-intervened claims, although this was not completely obvious either from the underlying briefs or from oral argument. For ease of reference throughout this Memorandum Opinion, claims brought under the FCA will be referred to either §3729(a)(1) claims or §3729(a)(2) claims, even though both claims were amended in 2009 to be codified under §3729(a)(1)(A) and §3729(a)(1)(B), respectively. Also, claims brought under §3729(a)(2) are also described as "False Records Claims" interchangeably. These claims can be separated into two groupings:

- The first set of claims is brought solely under 31 U.S.C. §3729(a)(2), which makes it unlawful to make or use "false records or statements" to get claims for payment paid or approved.[3] These "False Records Claims" are asserted against *all* Defendants (Corporate Defendants and Hospital Defendants). These claims are not limited to conduct associated with the Triad Hospitals;

---

[2] These claims involve allegations against the former Triad Hospitals ("Triad Hospitals"), Carlsbad Medical Center and Lea Regional Medical Center. Relator alleges no claim against the third hospital in the triad, MountainView Regional Medical Center. CHS acquired these hospitals in July of 2007, when a subsidiary of CHS/CHSI merged with Triad Hospitals, Inc. *See* Doc. 621 at 35.

[3] Before the 2009 amendments, § 3729(a)(2) stated that liability attaches when a defendant "knowingly makes, uses, or causes to be made or used, a false record or statement **to get** a false or fraudulent claim paid or approved by the Government." Under the current version of the statute, liability attaches when a defendant "knowingly makes, uses, or causes to be made or used, a false record or statement **material** to a false or fraudulent claim." 31 U.S.C. §3729(a)(2) (1986 and 2009) (emphasis added). The amended language does not apply to claims for payment that were pending prior to June 7, 2008. *See* Doc. 83 at 30-31.

5

- The second set of claims, which Relator refers to as "Post-Merger Triad Claims," is not limited to False Records claims, but is brought under *both* §3729(a)(1) and (a)(2). These claims are asserted against *only* the Corporate Defendants, alleging that they extended their pre-existing donation scheme to the Triad Hospitals when they acquired these facilities.

Part of the confusion in distinguishing these claims may be the result of the fact that while these claims lend themselves to separate categorization, they are all encompassed in the allegations forming Count II of Relator's Third Amended Complaint (Doc. 224). The original complaint asserted claims against all the Defendants, but was then amended to account for the Corporate Defendants' role in expanding the alleged conduct to the Triad Hospitals, which the Corporate Defendants had newly acquired.

B.  <u>Court's Dismissal of §3729(a)(2) Claims Was Over-Inclusive</u>

In one of their summary judgment motions, Defendants moved for dismissal of Relator's non-intervened claims. Doc. 571 at 66-70. They argued that the Post-Merger Triad Claims arising under §3729 (a)(2) (False Records Claims) should be dismissed because they are barred by the FCA's public disclosure provision. Defendants advanced a separate, merit-based argument as to the False Records Claims which were asserted against *all* Defendants based on conduct relating to the non-Triad facilities. The Court's Memorandum Opinion and Order (Doc. 621) analyzed whether the FCA's public disclosure provision warranted the dismissal of Plaintiff's §3729(a)(2) claims against the Triad Hospitals, and then dismissed as a general matter the "non-intervened claims brought by Relator under §3729(a)(2)":

> Defendants' Motion for Summary Judgment, filed March 27, 2012 (Doc. 451) (memorandum brief Doc. 571) is GRANTED in part only as to the non-intervened claims brought by Relator under §3729(a)(2) [i.e., Baker's False Records Claims], and is DENIED as to all other issues raised in the motion . . . ."

Doc. 621 at 44. As Relator notes, the Court's decretal language did not distinguish between the two sets of non-intervened claims. The Court's analysis in reaching summary judgment was

6

based solely on the public disclosure defense, which Defendants had actually reserved for the Post-Merger Triad Claims arising under §3729(a)(2), and had not argued for the §3729(a)(2) claims asserted against all Defendants.  The Court recognizes that the Order language was unclear as to the basis for dismissal as to the latter, and that it could be taken to overlook Relator's separate set of §3729(a)(2) alleged against the non-Triad facilities.  *See* Doc. 621 at 35 (Court's description of the non-intervened claims as involving "allegations against the former Triad Hospitals").

Thus, Relator is correct that the relief afforded in the Court's order language dismissing the "non-intervened claims brought by Relator under §3729(a)(2)" does not correspond to the relief suggested by the Court's analysis in its Memorandum Opinion and Order directed to the public disclosure defense.  Because Defendant's public disclosure defense cannot justify summary judgment as to claims relating to the non-Triad Hospitals, the Court's order language dismissing Relator's §3729(a)(2) claims as a general conclusion was legally unsupportable.  This was error on the Court's part based on a misapprehension of the facts asserted by Relator in the non-intervened claims.

## II.  False Records Claims Asserted Against All Defendants

Defendants contend that the Court properly granted summary judgment on Relator's non-intervened claims against all Defendants arising under §3729(a)(2) (False Records).  They acknowledge that their public disclosure defense was limited to False Records claims relating to the non-Triad facilities, but maintain that the Court correctly dismissed all of the False Records claims because the claims against the non-Triad facilities are subject to summary judgment on their merits.  Defendants point out that the Court's Order did not contain any analysis of the portion of Relator's False Records Claims relating to the non-Triad Hospitals on which

7

Defendants sought dismissal on their merits. Instead, the Court declined to consider the merits because of the public disclosure bar. Doc. 621 at 35. Defendants now urge the Court to reconsider those claims and grant them summary judgment on the merits. The Court finds no reason to do so.

The current version of §3729(a)(2) imposes liability for any person who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." Defendants seek a ruling that, as a matter of law, there was insufficient evidence that the State's claims were "false, that Defendants acted with the requisite scienter, that the records or statements made or used by Defendants were themselves objectively "false," and that New Mexico's Form 64 Certifications cannot form the basis for a False Records claim. There is no appreciable difference between the elements in a False Records Claim and a claim asserted under §3729(a)(1), except that the falsity of a record or statement used in a claim is an element in §3729(a)(2), but is not present in §3729(a)(1). A plaintiff asserting an FCA claim must satisfy all of the elements under either provision. The Court has already reviewed thousands of pages of material in considering identical elements in addressing the §3729(a)(1) claims in this case, and has concluded that there are a sufficient number of factual disputes which preclude summary judgment on the merits. There is no point in reconsidering what the Court has already considered very carefully, both on the parties' briefs, supporting documents, and oral argument. Therefore, Defendants' cross-motion to grant summary judgment on the non-intervened False Records Claims asserted against all Defendants and the non-Triad Hospitals is DENIED.

### III. Non-Intervened Claims Post-Merger Triad Claims Arising Under §3729(a)(1)

As discussed above, Defendants successfully argued that the public disclosure provision

deprives the Court of jurisdiction to hear Relator's Post-Merger Triad Claims asserted under §3729(a)(2).  Defendants now argue that the public disclosure provision also deprives the Court of jurisdiction to hear Relator's Post-Merger Triad Claims asserted under §3729(a)(1) because there is no legal or factual distinction between Relator's allegations under the two sections with regard to the public disclosure bar.   Defendants are correct that the Court did not consider this argument, but the reason for the Court's omission is because Defendants did not raise it.   In their summary judgment motion, Defendants set forth their argument for the non-intervened claims as follows:

> Specifically, Baker makes allegations regarding the conduct of the former Triad Hospitals (though he is not proceeding on his allegations regarding MountainView, which made no donations), and he brings a claim under **section 3729(a)(2)** of the FCA against all Defendants. For the reasons set forth below, Baker's allegations regarding the former Triad Hospitals are jurisdictionally barred, and his **(a)(2) claim** fails on multiple grounds.

Doc. 571 at 66 (emphasis added).  There is no mention of Relator's non-intervened claims arising under §3729(a)(1) anywhere in that section of argument, nor in the corresponding sections in the reply brief (Doc. 576 at 29-32).   Nor can the Court find any reference in oral argument where Defendants seek to apply the public disclosure provision to the non-intervened §3729(a)(1) claims as well as to the §3729(a)(2) claims against the Triad Hospitals.   In fact, at oral argument, defense counsel limited the jurisdictional argument to the False Record Claims:

> After I address [liability of the corporate defendants], I'm also going to discuss Mr. Baker's claim briefly under Section (a)(2), former **Section (a)(2)**, now (a)(1)(B) of the False Claims Act. I'll . . .  address the standing issue first because it's a jurisdictional issue. We made -- we believe that Relator Baker lacks -- that this Court lacks jurisdiction to hear . . . .

Doc. 620 at 455:6-12 (emphasis added).   Defense counsel's statements later in oral argument only confirm that the only non-intervened claims for which Defendants were making a public disclosure argument were the §3729(a)(2) False Records Claims:

> And for those reasons, we believe Mr. Baker lacks original source standing and this Court therefore lacks jurisdiction to consider his allegations with respect to Carlsbad and Lea Regional. I continue -- **I can continue to cover the (a)(2) issues** if you want, or I can sit down and let  Relator's counsel get up on original source, whatever you want.

9

Doc. 620 at 461:10-14 (emphasis added). Defendants may have suddenly recognized that they failed to include in the §3729(a)(1) claims against the Triad Hospitals in their public disclosure defense, but it is too late to raise this argument for the first time now, in a motion to reconsider. A motion to reconsider is not an opportunity for counsel to come up with new ways to apply arguments or to correct oversights and omissions in briefing. Defendants did not seek to apply the jurisdictional bar to the non-intervened 3729(a)(1) claims asserted against the Triad Hospitals either in their briefs or at oral argument. The Court did not address this argument previously for that reason, and will not address them here. These claims will remain pending for trial.

Accordingly, the Court finds that it incorrectly grouped together two separate sets of allegations, and misapplied Defendant's legal argument to one of them. As a result, the Court GRANTS Relator's motion to reconsider as to this issue, and will modify the Court's Memorandum Opinion and Order (Doc. 621) to reflect the separateness of the allegations. The Court's ruling on Relator's non-intervened claims arising under §3729(a)(2) against the Corporate Defendants regarding the Triad Hospitals remains unmodified; they are DISMISSED on summary judgment based on the FCA's public disclosure provision, except for those claims subject to the Government's opposition (see discussion below).

The Court also recognizes that §3729(a)(2) claims against all Defendants regarding the non-Triad facilities or Hospitals constitute a separate set of allegations, and that Defendants did not assert the public disclosure bar to these claims but rather sought summary judgment on the merits of these claims. However, the Court finds that Defendants are not entitled to summary judgment on these because material factual disputes exist which preclude dismissal on summary judgment.

Relator's Post-Merger Triad Claims asserted under §3729(a)(1) were not addressed in the

Court's Memorandum Opinion and Order because Defendants did not include these claims in any of their underlying jurisdictional arguments. The Court will not entertain these arguments raised for the first time now in the context of a motion to reconsider, and thus these claims remain pending and will proceed to trial.

**IV.     Post-Amendment Claims and Government's Opposition**

Relator contends that the Court did not address the Government's opposition to dismissal of causes of action based upon false claims submitted after March 23, 2010.[4] The 2010 amendments to 31 U.S.C. 3730(e)(4)(A) of the FCA substantially narrowed the public disclosure defense, and eliminates the jurisdictional nature of the public disclosure bar. Under this post-amendment provision, the Government's opposition precludes application of the public disclosure bar as to claims for payment made after March 23, 2010.

The prior version of §3720(e))4)(A)(1986) stated that "[n]o court shall have jurisdiction over **an action** under this section based upon the public disclosure of allegations . . . ." On March 23, 2010, the provision was amended to state: "The court shall dismiss an **action or claim** under this section unless opposed by the Government if . . . the same allegations . . . were publicly disclosed . . . ." §3730(e)(4)(A)(2010) (emphasis added).[5] Thus, Relator contends that the Court erroneously dismissed his non-intervened claims for conduct which occurred after March 23, 2010 without considering the relevant statutory provision.

A.     The Extent of the Government's Opposition

The Court did overlook the Government's opposition to dismissal of these claims.

---

[4] After some initial confusion on Relator's part regarding the effective date of the March 2010 amendment to the public disclosure bar, and both parties ultimately agreed that it is March 23, 2010, and not July 22, 2010, as first explained in Relator's brief. *See* Doc. 631 at 1, n.1 and Doc. 630 at 9, n.5.

[5] The FCA's public disclosure bar was amended by the Patient Protection and Affordable Care Act ("PPACA"), Pub.L.No.111-148.

11

However, to be accurate as well as fair, the oversight was largely a result of Plaintiffs' failure to adequately present this issue—if it can be said to have been presented at all.  In the portion of the Government's summary judgment motion relating to non-intervened claims, the Government stated that the sections "concerning non-intervened claims are provided by Baker only.  The United States takes no position with respect to the arguments made [in those sections]."  Doc. 583 at 60, n.37.   Except for his part in that portion of the Government's summary judgment brief, Relator filed no other dispositive motion or responsive pleading, and at oral argument Relator had nothing to say about the Government's opposition to any of his claims.  Doc. 620 at 462-471.

After stating that it took "no position" on Relator's non-intervened claims in its summary judgment briefing, the Government opposed the dismissal of these claims for the first time in the last few rushed minutes of oral argument:

> The statute that -- it was overlooked in the briefing, and he's indicated what the government opposes, and we did not join the argument in the briefing, but we -- the government does oppose under the new statute, and that only applies to issues after I think it's March 23rd, 2010.

Doc. 620, Tr. at 472.   That's it.  That is the extent of the Plaintiffs' presentment of an issue (I include both the Relator and the Government on this point, since they have joined in on the issue) for which they now, in a motion to reconsider, spend at least eight pages on discussion.

B.   <u>Application of Amended Language to "Claims" is not Retroactive Application</u>

As counsel noted in his statement to the Court, the Government's opposition serves to preclude dismissal only for claims submitted on or after the amendment's effective date, March 23, 2010.   The Court was tempted to deny any reconsideration of this issue at all on the basis that it was not properly raised in the briefs or at oral argument, until it became clear that the parties were arguing at cross-purposes.  The Court has decided to consider it because, in the end,

12

the parties actually agree on this issue, although Defendants ostensibly oppose Relator's request.

Defendants argue that the 2010 amendments to the FCA do not apply retroactively to "cases" or "suits" cases filed before enactment.[6] Doc. 628 at 12-13. They contend that Relator's filing of a Third Amended Complaint in 2011, after the public disclosure provision was amended, does not bring the lawsuit within the reach of the amendment.

Part of the confusion may lie in the provision's new language, which applies to either an "action" or a "claim." Under § 3729(b)(2)(A), a "claim" is defined as "any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property . . . ."; *see also* Doc. 83 at 29 (Court's analysis of "claim" versus "case"). It seems clear the amendment would not apply to either actions or claims occurring *after* the March 23, 2010 effective date. However, Relator does not argue that the current public disclosure provision should apply to either this entire *action,* or even to all the *claims* in the lawsuit—only that the 2010 change should apply to *claims* submitted after the amendment was enacted. Thus, Relator is not seeking retroactive application of the provision. Defendants offer no argument as to why the amended language should not apply to "claims" submitted after March 23, 2010, and the Court therefore concludes that the new public disclosure language applies to claims submitted after that date. *See Gozlon-Peretz v. United States*, 498 U.S. 395, 404 (1991) ("It is well established that, absent a clear direction by Congress to the contrary, a law takes effect on the date of its enactment.").

---

[6] The Court has previously weighed in on another issue concerning retroactivity of an amendment to the FCA. *See* Doc. 83 at 26-38. The question at that time was whether the retroactivity language contained in the Fraud Enforcement Recovery Act ("FERA") (2009), which amended §3729(a)(2), should apply to certain claims brought by Relator. The Court concluded that the June 7, 2008 effective date should not apply to alleged conduct that occurred prior to that date which, according to Defendants' representations, constituted the "majority" of claims at issue in this case. As a result, the amended version of §3729(a)(2) would apply only to claims submitted after June 7, 2008, as explained in the Court's Memorandum Opinion and Order, Doc. 83. The Court's ruling on this issue, however, has no bearing on the effective date for amendment for the public disclosure amendment, §3730(e)(4)(A) (2010).

C. <u>Court's Ruling is Limited to Claims Asserted Under §3729(a)(2) Only</u>

In anticipation of either party's inquiry as to whether the Court's ruling on this "opposition" issue applies to all of Baker's non-intervened claims, the Court emphasizes that it applies only to the non-intervened False Records Claims, or those asserted under §3729(a)(2). As the Court noted above, Defendants never asserted the public disclosure defense for non-intervened claims brought under §3729(a)(1). There is no reason to consider the Government's opposition to a set of claims that were never presented to the Court for dismissal in the first place. Moreover, the Government cannot now claim that it was asserting its opposition to both sets of claims, when (1) it declared its opposition for the first time in oral argument, and (2) it did not make clear in that declaration that it was opposing dismissal of anything other than the §3729(a)(2) claims either in their briefing or on oral argument.

The Court has no problem with its denial of Defendants' request to include the §3729(a)(1) Post-Merger Triad Claims in its opposition to dismissal, since the public disclosure is no longer jurisdictional in nature. *See U.S. ex rel. Paulos v. Stryker Corp.*, 2013 WL 2666346, *3 (W.D.Mo. June 12, 2013) ("After the 2010 amendment, the bar . . . is not described as jurisdictional in nature"); *U.S. ex rel. Fox Rx, Inc. v. Omnicare Inc.,* 2013 WL 2303768, *8 n.15 (N.D. Ga. May 17, 2013) ("Effective March2 3, 2010, the public disclosure bar was amended to narrow its applicability and to make it a basis for dismissal, not a jurisdictional threshold"); *U.S. v. Chattanooga-Hamilton County Hosp. Auth.,* 2013 WL 3912571, at *7 n.6 (E.D. Tenn. July 29, 2013) (public disclosure bar was jurisdictional prior to amendment, but is no longer jurisdictional post-amendment).

Therefore, on the issue of the effect of the post-amendment language in the public disclosure bar, the Court concludes that dismissal is precluded on Relator's non-intervened

claims arising under §3729 (a)(2) which were submitted for payment after March 23, 2010.

## V. Liability of Corporate Defendants

Defendants seek reconsideration of the Court's ruling that denied summary judgment to the Corporate Defendants, finding that the record contained "factual evidence from which a reasonable juror could find that corporate officers were acting on behalf of CHS/CHSI rather than on behalf of PSC or any of the corporate subsidiaries." Doc. 621 at 44.

Defendants take issue with the Court's findings, particularly in the face of what they describe as "uncontroverted" sworn testimony by these corporate officers as to their actions. They also charge Plaintiffs with having "clouded" the record and "created illusory factual disputes." In their summary judgment motion, Defendants urged the Court to adopt the presumptive rule in *U.S. v. Bestfoods,* 524 U.S. 51, 61 (1998) which is that a parent is not liable for the acts of its subsidiaries. However, in considering the issue of liability on the part of the Corporate Defendants, the Court found that Plaintiffs' arguments had a basis in fact, and cited specific evidence from the massive record scrutinized to support its conclusion. Doc. 621 at 41-42. For example, the Court found that the evidence offered by Plaintiffs suggested "that the Corporate Defendants were directly involved in the allegedly fraudulent scheme which resulted in the illegal receipt of federally funded Medicaid payments." Doc. 621 at 43. The evidence cited by the Court was, and still is, more than enough evidence to justify the Court's conclusion that a jury should decide whether the fact-dependent *Bestfoods* presumption applies to this case. Further, in light of such facts, the sworn testimony of corporate officers was subject to a credibility determination, which the Court may not do on summary judgment. *See Bisbee v. Bey*, 39 F.3d 1096, 1101 (10th Cir. 1994) (questions of credibility should be decided by the jury).

The Court did not misapprehend the parties' positions on this issue, or fail to apply the

15

applicable law.  Here, Defendants are simply recycling the same arguments they used in their summary judgment brief.  Thus, there is no reason for the Court to reconsider its former ruling on the issue of the Corporate Defendants' summary judgment motion, and Defendant's cross-motion to reconsider this issue is DENIED.

## CONCLUSION

Before summing up the Court's conclusions on both parties' motions for reconsideration, the Court shares its general impressions of what a motion to reconsider is *not,* in the hope of avoiding similar motions in the future on the Court's rulings in this case.  A motion to reconsider allows a *court* to reconsider.  It is not available so that *parties* can reconsider what it previously submitted to a court.

Here, the time for Plaintiffs to have presented the "opposition" issue would have been in their response to Defendants' summary judgment motion seeking dismissal of the non-intervened claims.  They did not do this.  Plaintiffs never made any reference to the Government's opposition to post-amendment conduct until the last few minutes of oral argument, as mentioned above in the Court's discussion.  Even then, the Government gave no hint to the Court about the significance of the Government's opposition to those claims which, given the lack of any briefing at all in the briefs, would have been helpful to the Court at the time.  Instead, Plaintiffs blithely charge the Court with a "failure" to address an issue which they flesh out for the first time in a motion to reconsider.

Defendants are similarly misguided.  They now argue that the Court "correctly" found that it lacked jurisdiction over "all" of Relator's Triad claims, Doc. 628 at 5-6, even though the Court did *not* dismiss, and did not intend to dismiss, "all" of Relator's Triad claims. The Court's discussion, as well as its explicit order language, addressed only Relator's §3729(a)(2) Triad

claims. As the Court noted previously, Defendants sought dismissal in their summary judgment motion of the §3729(a)(2) claims *only*, and did not include the §3729(a)(1) claims in any of their arguments, either in the underlying briefs or in oral argument. Defendants pretend to understand the Court's ruling as something it was not, and attempt to slip through the back door an additional set of claims for the Court to address for the first time on a motion to reconsider.

Another example of an issue being presented for the first time in the motions to reconsider is the effective date of the amendments pertaining to the public disclosure provision based on the Government's opposition to dismissal. At oral argument, Relator referred to a March 23, 2010 as the effective date. Doc. 620 at 456. However, in his motion to reconsider, Relator switched to a July 22, 2010 effective date. Doc. 626-1 at 9. It was only after Defendants pointed to Relator's error in their response, Doc. 628 at 6, that Relator finally researched the issue more thoroughly and corrected the error in the reply, Doc. 630 at 9, n.5 Such struggling with a sticky legal issue would be expected in briefs addressing points of law, but it is substandard practice in a motion to reconsider, particularly where parties attempt to take hold of an issue for the first time.

This lawsuit has been going on, in fits and starts, for nine years. The Third Amended Complaint (Doc. 224) was filed almost two years ago, and the initial Complaint, filed under seal, was filed *nine* years ago. The Court has been patient in giving parties considerable leeway in allowing amendments to the numerous pleadings, all of which have involved massive amounts of material being lodged on the Court docket for the Court's review. It has been a challenge for the Court simply to keep track of the filings in this case.[7] Given the Court's flexibility thus far with

---

[7] The number of times pleadings have been amended has apparently caused some confusion on counsel's part as well. For example, Relator refers to underlying briefs in his motion to reconsider which have since been replaced by amendment. *See* Doc. 626-1 at 6 (referring to Docs. 452 and 481 which were amended by Docs. 571 and 576, respectively).

the parties' requests throughout the litigation of this case, the amount of attorney resources that have been available to both parties, and the amount of time parties have had in preparing this case for dispositive motions and for trial, the least the Court expects is that the parties be prepared and on top of the issues they wish to present to the Court. That both sides would file motions to reconsider to unabashedly argue new issues, or parts of presented issues that were never adequately presented in the first place, is untenable at this point in the process.

Jury selection and trial in this case has been set for October 14, 2014. *See* Doc. 629. The Court anticipates that the remainder of issues the parties intend to present will be thoroughly prepared prior to briefing in order to avoid multiple rounds of consideration by the Court.

In sum, the Court finds and concludes, regarding the issues raised in Relator's motion for reconsideration:

- The Court grants Relator's motion to reconsider on the dismissal of all of Relator's non-intervened §3729(a)(2) claims (Post-Merger Triad Claims) on the basis of the public disclosure defense. Defendants raised the public disclosure defense only for the False Records Claims asserted against the Corporate Defendant regarding the Triad Hospitals. The Court misapprehended that there was only one set of False Record claims for which Defendants were relying on a jurisdictional defense, and thus grants Relator's motion to reconsider on the dismissal of §3729(a)(2) False Records Claims which were asserted against the non-Triad Hospitals. The Court will modify its previous Order to reflect the separateness of the allegations.

- The Court also did not take into consideration the Government's eleventh-hour declaration of its opposition to the dismissal of Relator's non-intervened claims (Post-Merger Triad Claims) arising under §3729(a)(2), which precludes dismissal of these claims submitted after March 23, 2010. Thus, summary judgment is not warranted on Relator's non-intervened False Record Claims asserted against Corporate Defendants for conduct relating to the Triad Hospitals which were submitted after March 23, 2010, and the Court will modify its Order accordingly. The Court's finding on this matter is limited to Relator's Post-Merger Triad Claims arising under §3729(a)(2) only, and does not extend to the Post-Merger Triad Claims arising under §3729(a)(1) for reasons described herein.

The Court finds and concludes, regarding the issues raised in Defendants' cross-motion for reconsideration:

- The Court denies Defendants' motion to reconsider Relator's §3729(a)(2) claims against all Defendants regarding the non-Triad facilities or Hospitals. Defendants argued dismissal of these non-intervened claims on their merits. The Court will not grant summary judgment to Defendants on these claims based on their merits because material factual disputes exist which preclude dismissal on summary judgment.

- The Court denies Defendants' motion to reconsider whether the public disclosure provision barred this Court's jurisdiction over Relator's non-intervened §3729(a)(1) claims against the Corporate Defendants regarding the Triad Hospitals. Defendants did not include these claims in any of their arguments either in their underlying briefs or on oral argument. The Court will not entertain these arguments raised for the first time now in the context of a motion to reconsider, and thus these claims remain pending and will proceed to trial.

- The Court denies Defendants' motion to reconsider its ruling on the liability of the Corporate Defendants. The Court did not misapprehend the parties' positions on this issue, or fail to apply the applicable law. The Court finds no reason to alter its findings that there are material issues of fact precluding summary judgment on this issue.

The Court shall enter a separate Amended Memorandum Opinion and Order incorporating the findings herein.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE