IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

_____

**UNITED STATES OF AMERICA,**
ex rel ROBERT C. BAKER,

      **Plaintiffs,**

      vs.                                                      Civ. No. 05-279 WJ/ACT

**COMMUNITY HEALTH SYSTEMS, INC.,**
et al.,

      **Defendants.**

## MEMORANDUM OPINION AND ORDER VACATING PRIOR DECISIONS REGARDING RETROACTIVITY OF AMENDMENTS TO FRAUD ENFORCEMENT RECOVERY ACT OF 2009, AND ENTERING NEW RULING

THIS MATTER comes before the Court sua sponte. In reviewing the parties' submissions prior to trial, and the Court's prior rulings, the Court has determined that its ruling regarding the retroactive application of an amendment to 31 U.S.C. §3729(a)(2) contained in the Fraud Enforcement Recovery Act of 2009 ("FERA") was incorrect as a matter of law, and should be modified.

Section 4(f)(1) of FERA indicated that the changes to § 3729(a)(2), now codified at § 3729(a)(1)(B), "shall take effect as if enacted on June 7, 2008, and apply to all claims under the False Claims Act ["FCA"] . . . that are pending on or after that date." FERA, Pub.L. No. 111–21, § 4(f)(1), 123 Stat. 1617, 1625 (emphasis added).

In its prior ruling, The Court previously found that §4(f)(1) of the FERA applied to "claims" as defined in the FCA, and not "cases," and in addition, retroactive application of the

FERA would violate the Ex Post Facto clause.  Doc. 83 at 57.  In fashioning their requested jury instructions, Plaintiffs presented an instruction apparently designed to reflect the Court's ruling. *See* Doc. 677-1 (Relator's Instruction Number 10, Liability Under the FCA for False Records or Statements).[1]

The briefing on the retroactivity issue was completed several years ago, and the Court's Memorandum Opinion and Order containing the ruling on the issue was filed on March 19, 2010.  Doc. 83 at 26-38.   The Court cited to legislative history and case law which considered the legislative history which has since been reconsidered.  The two prongs of the Court's rulings were (1) that the post-FERA amendment applied to "claims" rather than "cases," and (2) that retroactive application of the post-FERA provision would violate the Ex Post Facto clause. Recent case law has persuaded the Court that these rulings should be modified.  For example, the Court relied in part on *Allison Engine* , 2009 WL 3626773 (S.D. Ohio 2009) (*Allison Engine II)*, which has was presented to the Sixth circuit on interlocutory appeal, and has since been reversed *Sanders v. Allison Engine Co., Inc.,* 703 F.3d 930 (6th Cir. 2012) (*Allison Engine III)*, which hold directly opposite to the Court's rulings, and which the Court now finds to be persuasive and dispositive.  First, *Allison Engine III* holds that the term "claim" in the post-FERA provision refers to a civil action or case, rather than a request or demand for payment.   Second, the case also held that retroactive application of the False Claims Act did not violate the Ex Post Facto Clause.  Therefore, the Court now reverses its findings and conclusions regarding retroactive application of the post-FERA amendments and now finds and concludes that the amended language in §3729(a)(1)(B) applies to this civil action, which was pending during the expressly

---

[1] Relator's requested instruction Number 10 instructs that claims for payment submitted before May 20, 2009 should be treated differently than claims submitted after that date.  What does not make any sense, however, is why the May 20, 2009 date was used as the cutoff date (the date the public law was passed), when the effective date (June 7, 2008) was clearly set out in the amendment.   The May 20, 2009 has no application to the retroactivity issue and for this reason would not have been correct on that basis alone.

stated effective date of June 7, 2008; and that retroactive application of this provision to the entire case, which was pending during June 7, 2008, would not violate the Ex Post Facto Clause. This ruling would appear to affect only the Relator's non-intervened claims, since the Government has not brought claims under §3729(a)(1)(B) (or under the former provision, §3729(a)(2)).  *See* Doc. 647 at 35-36.

The Court has spent sufficient time on this issue, and does not wish to belabor the issue any more than necessary, with the Court's attention being diverted to the parties' other pretrial motions which have recently been filed.  Parties may appeal the Court's ruling after this case is over to the Tenth Circuit along with other issues that are sure to be appealed as well.  For this reason, the Court will not consider any motions to reconsider this ruling.  Because this ruling means that Relator's requested jury instruction number 10 is no longer valid or consistent with this Court's law of the case, as well as Defendants' requested instruction number 6, Relator and Defendants shall re-file that particular instruction consistent with the Court's findings on this issue **on or before Monday, September 22, 2014**.[2]

**THEREFORE,**

**IT IS ORDERED** that the Court's previous rulings on retroactive application of §4(f)(1) of the FERA (Doc. 38 at 26-38), which were that the amendment applied only to "claims" and not to "cases," and that retroactive application of the provision would violate the Ex Post Facto Clause, is hereby VACATED and REVERSED;

---

[2]  The Government did not join with Relator in requested instruction number 10 because its position was that the post-FERA amendment applied to the entirety of the claims presented under §3729(a)(1)(B) (formerly (a)(2)). Perhaps now that the Court has reversed its ruling in line with what the Government has posited, both the Government and Relator can present one instruction for Liability Under the FCA for False Records or Statements. Even better, perhaps Defendants can review their requested instruction number 6, which is an analogous instruction.. *See* Doc. 681-1.

**IT IS FURTHER ORDERED** that the amended language in §3729(a)(1)(B) applies to this civil action, which was pending during the expressly stated effective date of June 7, 2008; and that retroactive application of this provision to the entire case, which was pending during June 7, 2008, would not violate the Ex Post Facto Clause;

**IT IS FURTHER ORDERED** that parties shall re-file Relator's instruction number 10 and Defendants' requested instruction number 6 on or before Monday, September 22, 2014;

**IT IS FINALLY ORDERED** that these findings affect only the FERA amendments to False Records Claims, asserted under 31 U.S.C. §3729(a)(1)(B) (formerly §3729(a)(2)).

_____
**UNITED STATES DISTRICT JUDGE**