# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

_____

UNITED STATES OF AMERICA,
ex rel ROBERT C. BAKER,

      Plaintiffs,

      vs.                                                                                        Civ. No. 05-279 WJ/GBW

COMMUNITY HEALTH SYSTEMS, INC.,
et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER DISMISSING NON-INTERVENED CLAIMS ASSERTED UNDER 31 §3729(A)(1) AGAINST TRIAD HOSPITALS FOR LACK OF SUBJECT MATTER JURISDICTION

THIS MATTER comes before the Court sua sponte, and relates to the status of Relator's non-intervened claims asserted against the Triad Hospitals under §3729(a)(1) of the False Claims Act.

## BACKGROUND

The Relator in this case has asserted two sets or categories of non-intervened claims. *See* Doc. 646 at 5, Doc. 647 at 36. The first set of claims is brought solely under 31 U.S.C. §3729(a)(1)(B) ("False Records Claims"), which makes it unlawful to make or use, or cause to be made or used, a false record or statement material to a false or fraudulent claim.[1]   These

---

[1]   In 2009, the Fraud Enforcement Recovery Act of 2009 ("FERA") was passed, recodifying relevant provisions of the False Claims Act ("FCA").   FERA recodified §3729(a)(1) as §3729(a)(1)(A), and recodified §3729(a)(2) as §3729(a)(1)(B), and modified the language of the latter paragraph only.   The Court recently reversed its previous ruling regarding the §3729(a)(2) claims, concluding that amendments to the Fraud Enforcement Recovery Act of 2009 ("FERA") applied to the claims in this lawsuit asserted under that provision. *See* Doc. 714 at 2-3 (". . . the amended language in §3729(a)(1)(B) applies to this civil action, which was pending during the . . . effective date of June 7, 2008; and that retroactive application of this provision to the entire case. . . would not violate the Ex Post Facto Clause."   In other words, §3729(a)(1)(B) applies to all of Relator's non-intervened false records claims.   For this reason, false records claims will be referred to as §3729(a)(1)(B) or "false records claims."

"False Records Claims" are asserted against all Defendants (Corporate Defendants and Hospital Defendants), and are not limited to conduct associated with the Triad Hospitals, which are Carlsbad Medical Center ("Carlsbad") and Lea Regional Medical Center ("Lea Regional").   The second set of claims, which Relator refers to as "Post-Merger Triad Claims," is not limited to False Records Claims, but is brought under both §3729(a)(1) and (a)(1)(B). These claims are asserted against only the Corporate Defendants, alleging that they extended their pre-existing donation scheme to the Triad Hospitals when they acquired these facilities.

## DISCUSSION

Under the FCA, there is a jurisdictional prohibition over claims based on public disclosure where the person bringing the action is not the original source of the information. *See* 31 U.S.C. §3730(e)(4)(A).   The FCA jurisdictionally bars a relator's action if it is based on allegations or transactions already in the public domain – unless the relator can show that he is an "original source" of the information on which the allegations are based.  *In re Natural Gas Royalties Qui Tam Litigation, Grynberg v. Pacific Gas and Electric Co., et al.*, 562 F.3d 1032, 1034 (10th Cir. 2009).

The Court previously ruled that the False Records Claims asserted under §3729(a)(1)(B) in the second category asserted against *all* Defendants were not dismissed because of factual issues precluding summary judgment.   Doc. 647 at 43 & 48.[2]   The Court did dismiss the non-intervened §3729(a)(1)(B) against the Triad Hospitals as barred by the public disclosure provision.   Doc. 647 at 41.   However, precluded from dismissal were §3729(a)(1)(B) claims against the Triad Hospitals for which the Government opposed the assertion of the public disclosure bar, as provided under §3730(e)(4)(A) (2010).   Doc. 647 at 42.   Thus, the False

---

[2]   The parties cross-motions for summary judgment on intervened claims asserted under §3729(a)(1) were also denied for the same reason.   Doc. 647 at 48 (denying Plaintiffs' Motion for Partial Summary Judgment, and Defendants' Motion for Summary Judgment).

Records Claims asserted under §3729(a)(1)(b) against the Triad Hospitals were dismissed except for claims occurring after March 23, 2010.

As the Court noted, throughout extensive and protracted briefing on the issues in this case, Defendants had specifically raised the public disclosure issue only with respect to the §3729(a)(1) claims alleged against the Triad Hospitals.  *See* Doc. 646 at 8-10 (Court's discussion); Doc. 571 at 66, Doc. 620 (Hrg. Tr., at 455:6-12 & 472).   The Court also noted that the Government raised its opposition to the public bar disclosure defense to Relator's non-intervened claims for the first time at oral argument, without having ever briefed it.  *See* Doc. 647 at 41; Hrg. Tr., Doc. 620 at 472 ("it was overlooked in the briefing").  For these reasons, in its Amended Omnibus Memorandum Opinion and Order, the Court expressly limited its rulings related to the public disclosure bar and the Government's opposition to dismissal of claims post-2010 to §3729(a)(1)(B) (then-§3729(a)(2)) claims, and declined to consider the application of the public disclosure bar defense to non-intervened §3729(a)(1) claims.  Doc. 646 at 14.

In the parties' Proposed Pretrial Order, Defendants have asserted that the Court lacks subject matter jurisdiction over Relator's non-intervened §3729(a)(1) claims against the Triad Hospitals (Lea Regional Medical Center and Carlsbad Medical Center) prior to March 23, 2010. Doc. 679 at 6.   The Court has decided to review Defendants' assertion of a pending jurisdictional issue so that it can be resolved at the eve of trial, particularly since jurisdictional questions "are of primary concern and can be raised at any time by courts on their own motion." *Bd. of Cty. Comm'ners for Garfield Cty, Colo. v. W.H.I, Inc. et al.*, 992 F.2d 1061, 1063 (10th Cir. 1993).

The Court previously found that the limitation of its ruling regarding the public disclosure bar to was appropriate because of the parties' failures to properly address the relevant issues, and also because the public disclosure bar was "no longer jurisdictional" as a result of the

March 2010 amendment.  Doc. 646 at 14.   However, the Court recognizes that the 2010 amendment does not resolve the question of whether the Court has jurisdiction over the non-intervened §3729(a)(1) claims based on alleged conduct prior to the amendment.   In addition to the jurisdictional question which the Court may address at any time on its own, the parties have moved for respective relief on this issue.   As noted, Defendants sought the reconsideration of the Court's application of the public disclosure bar to the §3729(a)(1); and the Government has opposed dismissal of all of Relator's non-intervened claims relating to conduct that occurred after the effective date of the 2010 amendment of the public disclosure bar provision.  Docs. 626-1 at 12-13; 628.

Defendants do not contend that the public disclosure bar applies to all of Relator's non-intervened claims brought under §3729(a)(1), and do not seek dismissal for claims based on conduct of corporate Defendants of the Triad Hospitals after March 23, 2010, recognizing that the Government's opposition would apply to claims based on conduct after that time.   The Court sees no reason to revisit the arguments presented by the parties when the Court first addressed whether the public disclosure provision required dismissal of non-intervened claims against the Triad Hospitals.  As Defendants have noted, Relator's Triad claims include allegations that the corporate Defendants at the Triad Hospitals violated both sections §3729(a)(1) and §3729(a)(1)(B).  *See* Doc. 628 at 4-5 (citing various allegations in Relator's Sec. Am. Compl.).

The Court agrees that there was no distinction alleged in Relator's complaint, nor in any of the arguments on that issue, between the two provisions as they relate to the purported illegal conduct of the corporate Defendants for the Triad Hospitals.   Thus, the Court's analysis and findings regarding why the Relator is not an original source of allegations asserted under §3729(a)(1) also apply to the allegations asserted under §3729(a)(1)(B). *See* Doc. 647 at 37-41. The Court found that Plaintiffs offered no material facts to rebut Defendants' assertions that

4

Relator lacked personal knowledge regarding the Triad Hospitals, and that Relator had himself disavowed any personal knowledge regarding the conduct of these hospitals. *Id.* at 41. As a result, the Court now finds that Defendants are entitled to summary judgment on Relator's non-intervened claims against the Triad Hospitals asserted under §3729(a)(1). In light of the Government's assertion of its opposition to the public disclosure defense, dismissal of claims in this category does not apply to claims based on conduct occurring after March 2010.

## CONCLUSION

In sum, the Court has revisited the issue of whether its rulings regarding the public disclosure defense, and in turn, the Government's opposition to this defense, applies to Relator's non-intervened claims asserted under §3729(a)(1) against the Triad Hospitals. The Court finds that because Relator has presented no material facts to rebut Defendants' facts demonstrating that Relator was not the original source of the information on which the non-intervened claims are based, the Court lacks subject matter jurisdiction over those claims. However, because the Government has opposed the dismissal of these claims under the public disclosure defense, §3729(a)(1) claims against the Triad Hospitals based on conduct allegedly occurring after March 23, 2010 are not dismissed and will proceed to trial.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE